```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA       )
                               )      CRIMINAL NO. 05-10154-MLW
        v.                     )
                               )
JOHN J. DIAMONT, JR.,          )
          Defendant            )
```

                    GOVERNMENT'S MOTION FOR PROTECTIVE
            ORDER REGARDING CERTAIN DISCOVERY MATERIALS

   Now comes the United States, by its attorney, pursuant to Fed. R. Crim. P. 16(d)(1) and Local Rule 116.6(B), and moves for a protective order relating to certain discovery materials in this case, and states:

   1.  The indictment in this case alleges that the defendant, John J. Diamont, Jr., failed to report on his income tax returns certain cash payments he received when the corporation which he owns, Crystal Steel Corporation, sold scrap metal to S. Strogoff & Co., a Chelsea, MA scrap metal dealer.  The United States expects to call Yale Strogoff, the President of S. Strogoff & Co. during the relevant period, to testify as a witness in this case.  The defendant, by counsel, has indicated that the defense will argue that if Strogoff was generating cash, in connection with the purchase of Crystal Steel's scrap metal, he was not giving the cash to Diamont and was probably keeping it for himself.  The defense hopes to show that Strogoff was living beyond his reported income.

2.   In connection with the prosecution of Yale Strogoff, the United States obtained from the Internal Revenue Service the individual income tax returns for Yale Strogoff for the years 1994 to 1999, as well as the corporate tax returns for S. Strogoff & Co. for the fiscal years ended November 30, 1994 to November 30, 1998 (hereinafter "the Strogoff tax returns").

3.   Tax returns are generally treated as confidential documents, and their disclosure is generally restricted, in order to encourage tax compliance and privacy interests.  See 26 U.S.C. §6103.  The defendant has requested disclosure of the Strogoff tax returns in the possession of the prosecution team, as being documents material to the preparation of the defense.  Fed. R. Crim. P. 16(a)(1)(E).

4.   Attached hereto is a proposed Protective Order which would require that the defense use the Strogoff tax returns provided by the Government in this case for the purpose of preparing for trial or otherwise defending in this case, and for no other purpose.  It would prohibit the dissemination of this material to third parties and require the return of the material to the Government at the conclusion of the case.

5.   The undersigned has discussed this motion with Michael Kendall, counsel for the defendant.  The defendant does not object to the entry of the proposed order.

WHEREFORE, the United States requests that the Court enter the attached, proposed Protective Order.

            Respectfully submitted,

            MICHAEL J. SULLIVAN
            United States Attorney
       By:

            /s/ Peter A. Mullin
            PETER A. MULLIN
            Assistant U.S. Attorney

Dated: August 11, 2005

## CERTIFICATE OF SERVICE

I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that a copy of this document was served on counsel for the defendant, Michael Kendall, by electronically filing this document with the court, this 11th day of August, 2005.

            /s/ Peter A. Mullin
            PETER A. MULLIN
            Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                                   )<br>     v.                         )<br>                                   )<br>JOHN J. DIAMONT, JR.,     )<br>         Defendant     ) | CRIMINAL NO. 05-10154-MLW |

PROTECTIVE ORDER

This matter is before the Court on the Government's motion, pursuant to Fed. R. Crim. P. 16(d)(1) and Local Rule 116.6(B), for a protective order relating to certain discovery material in this case, and good cause appearing,

It is hereby ORDERED:

1. All tax returns of Yale Strogoff and S. Strogoff & Co. provided by the Government to the defendant or his counsel in connection with this case (hereinafter "the Strogoff tax returns") shall be used solely for good faith preparation for trial and defense of this case and shall not be used by the defendant, his counsel or anyone acting in concert with, or under the control of, the defendant or his counsel (hereinafter, collectively "the defense") for any other purpose.

2. The defense shall hold the Strogoff tax returns, and any copies thereof, in a secure location, not accessible to unauthorized third parties.

3. The defense may review the Strogoff tax returns with third parties as part of the defense's good faith preparation for

trial and defense of this case, but shall not permit any third party to keep a copy of any of the Strogoff tax returns.

    4.  Upon the conclusion of this case, including any appeals, the defense shall promptly return to the Government all of the Strogoff tax returns, and copies thereof, in its possession, or certify to the Government by means of a letter from defense counsel to the U.S. Attorney's Office or by a statement, under oath, from the defendant, delivered to the U.S. Attorney's Office, that all such tax returns and copies thereof have been destroyed.  If any Strogoff tax return is admitted into evidence in this case, or otherwise becomes a public record, it shall thereafter be exempt from the requirements of this Protective Order.  If the defendant returns to the United States any Strogoff tax return, pursuant to this Protective Order, the United States shall preserve such tax return in its closed case file in accordance with its usual records retention policy.

    It is so ordered.

                                            _____
                                            HONORABLE JUDITH G. DEIN
                                            United States Magistrate Judge

    Entered this \_\_\_ day of August, 2005 at Boston, MA.