UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN J. DIAMONT, JR. )<br>)<br>Defendant. )<br>) | CRIMINAL NO. 05-10154-MLW |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PRE-TRIAL SUBPOENAS

Pursuant to Federal Rule of Criminal Procedure 17(c), defendant John Diamont submits this memorandum in support of his motion for subpoenas duces tecum with a pre-trial return date of October 31, 2005.

In its June 16, 2005 Indictment, the government has alleged a complex scheme of tax evasion. The defendant seeks subpoenas duces tecum with a pre-trial return date rather than trial subpoenas due to the complex nature of this case. Rule 17(c) clearly provides the Court with authority to order such pre-trial subpoenas; indeed, the allowance of such subpoenas is the primary purpose behind the rule. Given the complicated financial transactions at issue in this case, defense counsel need adequate time before trial to review, analyze, and investigate the requested documents in order to prepare their case without delaying the trial of this matter. Moreover, the government does not have standing to object to the issuance of these subpoenas.

I.    **FACTUAL BACKGROUND**

# REDACTED

**REDACTED**

---

**REDACTED**

- 3 -

**REDACTED**

## II. ARGUMENT

### A. Rule 17(c) authorizes pre-trial subpoenas.

Federal Rule of Criminal Procedure 17(c) governs the issuance of subpoenas duces tecum and allows any party in a criminal action to obtain documents. Rule 17(c) provides, in pertinent part,

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

Rule 17(c) clearly allows a subpoena duces tecum to be made returnable before trial. *See also United States v. Nixon*, 418 U.S. 683, 698-99 (1974) ("[Rule 17(c)'s] chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials.") (footnote and citation omitted). In *Nixon*, the Supreme Court held that a party seeking the pre-trial production of documents must demonstrate that the materials sought are (1) relevant; (2) admissible; and (3) specifically identified.[2] The advisability of a pre-trial return date is within the sound discretion of the trial court. *Nixon*, 418 U.S. at 702.

### B. The circumstances here warrant pre-trial subpoenas.

A pre-trial return date is necessary for Mr. Diamont's requested subpoenas due to the complex nature of this case and the plethora of financial transactions at issue.[3] The purpose of

---

[2] 418 U.S. at 700; *see also id.* at 699-700 (noting that courts have generally required the party seeking pre-trial production to show "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition'") (footnotes omitted).

[3] *See generally Nixon*, 418 U.S. 699 n.11 (explaining benefits of pre-trial return for subpoena duces tecum).

-4-

these subpoenas is to gather exhibits from third parties for use at trial. Some of the records custodians to whom these subpoenas are addressed likely will require a significant amount of time to gather the requested documents. Once they produce the documents, defense counsel then may need to conduct substantial analysis of the documents, including reconciliation of the information contained in the subpoenaed documents with the information contained in the voluminous documents that the government has collected during its five-year investigation of this case. Defense counsel cannot conduct such analysis at the time of trial; absent a pre-trial return date, a delay in the trial will be unavoidable.

The First Circuit has adopted the test, first set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), allowing parties to obtain Rule 17(c) pre-trial subpoenas upon making the following showing:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Gikas*, 112 F.R.D. 198 (D. Mass. 1986) (citing *United States v. Lieberman*, 608 F.2d 889, 904 (1st Cir. 1979)).

**REDACTED**

**REDACTED**

C. **The government has no standing to object to the requested subpoenas.**

The government does not have standing to object to a subpoena directed to a third party. *See, e.g., In re Grand Jury Proceedings*, 814 F.2d 61, 66 (1st Cir. 1987) (because there was no "relationship of privilege or a property or privacy interest," defendant had no standing to challenge third-party subpoena based upon fourth or fifth amendment); *Diamantis v. Milton Bradley Co.*, 772 F.2d 3, 4-5 (1st Cir. 1985) (party has no standing to object to subpoena on behalf of third-party witness); *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985) (absent proprietary interest in documents sought by subpoena duces tecum to third party, defendant had no standing to quash); *see also, e.g., United States v. Nachamie*, 91 F. Supp. 2d 552, 558, 560 (S.D.N.Y. 2000) (rejecting government's claims of legitimate interest in third-party subpoena); *United States v. Tomison*, 969 F. Supp. 587, 595-96 (E.D. Cal. 1997) (holding that the government lacks standing to seek to quash third-party subpoena where the subpoena does not injure the government); *United States v. Beckford*, 964 F. Supp. 1010, 1023 (E.D. Va. 1997) ("In many instances, the opposing party in a criminal case will lack standing to challenge a subpoena issued to a third party because of the absence of a claim of privilege, or the absence of

---
4

**REDACTED**

a proprietary interest in the subpoenaed material or of some other interest in the subpoenaed documents.").

Because the government has no claim of privilege or proprietary interest in the requested materials, it has no standing to challenge Mr. Diamont's requested subpoenas, and the Court must disregard any objection from the government. The government's lack of standing is obvious when one considers the purpose of Rule 17(c). This Rule affects the return date of a trial subpoena only. The government has no role in censoring or screening a defendant's trial subpoenas generally. It has no interest in trying to impede a defendant's trial preparation by denying him timely access to trial exhibits. This Court can decide the appropriateness of a pre-trial return date without any input from the government. *See Tomison*, 969 F. Supp. at 594.

### D. The requested subpoenas and the documents obtained in response thereto must be kept confidential as they reflect privileged attorney work product.

Courts routinely grant *ex parte* applications for pre-trial subpoenas duces tecum in cases such as this one. In *Tomison*, for example, the court held that Rule 17(c) authorizes a district court to entertain and grant an *ex parte* application for a subpoena duces tecum to be returnable before trial.[5] There, the defendants sought subpoenas duces tecum directed to various third parties requiring the pre-trial production of documents pertaining to their defense. The court recognized that a criminal defendant has both a right to the pre-trial production of evidence and a right to protect his trial strategy. Ultimately, the court held that making the showing of relevancy, admissibility, and specificity required by *Nixon* would effectively force the defendant

---

[5] *Accord United States v. Daniels*, 95 F. Supp. 2d 1160, 1163-64 (D. Kan. 2000) (finding "the right of the criminal defendant to compulsory process and protection of trial strategy" to outweigh the government's concerns); *Beckford*, 964 F. Supp. at 1025-31 (citing cases permitting *ex parte* application and cases finding such application generally improper and finding the former approach to be supported by the Rule); *see United States v. Reyes*, 162 F.R.D. 468, 470-71 (S.D.N.Y. 1995); *United States v. Jenkins*, 895 F. Supp. 1389, 1393 (D. Haw. 1995).

to reveal his theory of the case, and that a criminal defendant has the right to protect such strategy and thought processes from the government:[6]

> "[F]orcing any defendant to confront the choice between issuing a pre-trial subpoena duces tecum and disclosing his defense to the government places an unconstitutional limitation on the defendant's right to compulsory process."

*Tomison*, 969 F. Supp. at 593-94 (quoting *Beckford*, 964 F. Supp. at 1027).

For many of the same reasons, courts also have discretion to prevent the government from viewing the documents received in response to a pre-trial subpoena duces tecum issued to a third party by the defendant. *See Tomison*, 969 F. Supp. at 591-95, 597 (discussing in depth the proper construction of Rule 17(c) and holding, in the case before it, that defendants need only provide to the government copies of those subpoenaed documents that they intend to introduce at trial). Rule 17(c) states that the court "may permit the parties and their attorneys to inspect all or part of" the subpoenaed documents. Fed. R. Crim. P. 17(c)(1). "Since the Rule itself contemplates that the court 'may' permit inspection by the parties of documents produced before trial, it follows that the Rule empowers the court to deny an adverse party the opportunity to inspect the documents." *Tomison* at 591 (citing *United States v. Florack*, 838 F. Supp. 77, 80 (W.D.N.Y. 1993)). Moreover, "the need to preserve a defendant's constitutional right to obtain and use relevant evidence suggests that Rule 17(c) affords the defendant the right to pre-trial production in secrecy." *Id.* at 594.

**REDACTED**

---

[6] *See Margaret Hall Found v Strong*, 121 F.R.D. 141, 143 (D. Mass. 1988) ("The protection of attorney work product material is designed, above all, to protect the mental impressions and thought processes of attorneys ").

# REDACTED

The defense is willing to provide the government with any of the subpoenaed documents that the defense intends to use in its case-in-chief in accordance with Local Rule 116.1, but it has no obligation to provide the government with documents that it may use in cross-examination. This result is the same as what the court ordered in *Tomison* and appropriately balances the competing interests.

### III.    CONCLUSION

For all of the foregoing reasons, the Court should grant Mr. Diamont's motion for pre-trial subpoenas with a return date of October 31, 2005 and permit the contents of those subpoenas, and the documents obtained in response thereto, to be kept confidential.

Respectfully submitted,

JOHN DIAMONT

By his attorneys,

 /s/ Lauren M. Papenhausen
Michael Kendall (BBO #544866)
Lauren M. Papenhausen (BBO #655527)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
617-535-4000

August 22, 2005

BST99 1470036-1 073607 0010