# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

November 1, 2005

Peter Mullin
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way
Boston, MA 02110

Re:   United States v. John Diamont (Criminal No. 05-10154-MLW)

Dear Peter:

The purpose of this letter is to confirm our October 17, 2005 telephone call. As you know, both you and I served under Judge Wolf when he was the Deputy U.S. Attorney prior to May, 1985. I served as an assistant to him while I was a law student. You were an assistant U.S. Attorney. Since I left that position in June, 1984, I have maintained a friendship with Judge Wolf. He performed my wedding ceremony in June, 1994. I informed you that over the years several cases in which I represented the government or a client had been assigned to Judge Wolf and that the government had never raised an objection that he should be recused or that this created the appearance of a conflict.

When I was a prosecutor in 1991, the USAO assigned me to a case that had already been drawn to Judge Wolf. I represent to you that at the time my supervisors in the U.S. Attorney's Office were informed of this situation and did not think that there was any conflict in this. The defendant did not object. This case was tried for several weeks in 1993. It was captioned United States v. Michael London.

In 1994, Judge Wolf drew United States v. F. William Sawyer, in which I was the lead prosecutor. The government did not object to Judge Wolf presiding. The defendant asked Judge Wolf to recuse himself because he had recently performed my wedding ceremony, and the defense thought this could create the appearance of a conflict. Judge Wolf did recuse himself.

Peter Mulllin
November 1, 2005
Page 2

     In approximately 1998, I represented Richard Corey in a criminal case that was also assigned to Judge Wolf. The government did not object to my participation as defense counsel and did not seek Judge Wolf's recusal. Eventually, due to the court's own scheduling concerns, the case was reassigned to Judge Young. It is my understanding that this was just one of several cases reassigned from Judge Wolf's docket at the time and it had nothing to do with any appearance of conflict.

     For many years a small group from the U.S. Attorney's Office in the early 1980's gets together for a reunion. This reunion consists of two parts. There is a get together followed by dinner in mid-November. There is also a two-day, one-night stay in a cabin in New Hampshire. Approximately fifteen people are invited and most of them attend both events. Both Judge Wolf and I participate. I disclosed to you many of the attendees in our conversation.

     I asked if the government had any objection to Judge Wolf presiding in this case or my attending these events as I have in years past. I assured you that I would not discuss the Diamont case with Judge Wolf at any of these events. You indicated that the government did not object.

     I thank you for your cooperation on this matter.

Sincerely,

Michael Kendall

MK/tp
Cc: Clerk's Office, U.S. District Court of Massachusetts