```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    )    CRIMINAL NO. 05-10154-MLW<br>    v. )<br>    )<br>JOHN J. DIAMONT, JR., )<br>        Defendant ) | |

### GOVERNMENT'S ASSENTED-TO SECOND MOTION FOR PROTECTIVE ORDER REGARDING CERTAIN DISCOVERY MATERIALS

Now comes the United States, by its attorney, pursuant to Fed. R. Crim. P. 16(d)(1) and Local Rule 116.6(B), and moves for a protective order relating to certain discovery materials in this case, and states:

1.  The defendant has requested that the United States provide to him all tax loss calculations, and schedules of unreported income, relating to customers of S. Strogoff & Co., Inc., as being relevant to promises, rewards or inducements provided to Yale Strogoff.  While not agreeing that such information is exculpatory or discoverable, the United States is willing to provide the defendant with certain tax loss calculations, and schedules of unreported income, provided an appropriate Protective Order is entered.  A Protective Order is needed because such documents contain information taken from the tax returns of third parties, <u>see</u> 26 U.S.C. §6103, and other proprietary business information.

2.  The defendant has also requested that the United States

provide to him certain Currency Transaction Reports (CTRs) relating to Yale Strogoff, his son, their companies and the companies' employees.  Without agreeing that such information is exculpatory or discoverable, the United States is willing to provide the defendant with the CTRs which were gathered by the prosecution team during the investigation, providing an appropriate protective order is entered.  CTRs are required to be filed by the Bank Secrecy Act, 31 U.S.C. §5313 and 31 CFR Part 103, and are treated for law enforcement purposes as confidential documents.

    3.  For the purposes of this motion all tax loss calculations, schedules of unreported income and CTRs provided by the United States to the defendant as part of discovery in this case shall be referred to as "protected discovery material."

    4.  Attached hereto is a proposed Protective Order which would require that the defense use the protected discovery material provided by the Government in this case for the purpose of preparing for trial or otherwise defending in this case, and for no other purpose.  It would prohibit the dissemination of this material to third parties and require the return of the material to the Government at the conclusion of the case.

    5.  The undersigned has discussed this motion with Michael Kendall, counsel for the defendant.  The defendant does not object to the entry of the proposed order.

WHEREFORE, the United States requests that the Court enter the attached, proposed Protective Order.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney
                          By:
                                      <u>/s/ Peter A. Mullin</u>
                                      PETER A. MULLIN
                                      Assistant U.S. Attorney

Dated: November 9, 2005

<u>CERTIFICATE OF SERVICE</u>

I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that a copy of this document was served on counsel for the defendant, Michael Kendall, by electronically filing this document with the court, this 9th day of November, 2005.

                                      <u>/s/ Peter A. Mullin</u>
                                      PETER A. MULLIN
                                      Assistant U.S. Attorney

                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )     CRIMINAL NO. 05-10154-MLW
         v.                     )
                                )
JOHN J. DIAMONT, JR.,           )
              Defendant         )


                       SECOND PROTECTIVE ORDER


     This matter is before the Court on the Government's motion, pursuant to Fed. R. Crim. P. 16(d)(1) and Local Rule 116.6(B), for a protective order relating to certain discovery material in this case, and good cause appearing,

     It is hereby ORDERED:

     1.  All tax loss calculations, schedules of unreported income and Currency Transaction Reports (CTRs) provided by the Government to the defendant or his counsel in connection with this case (hereinafter "protected discovery materials") shall be used solely for good faith preparation for trial and defense of this case and shall not be used by the defendant, his counsel or anyone acting in concert with, or under the control of, the defendant or his counsel (hereinafter, collectively "the defense") for any other purpose.

     2.  The defense shall hold the protected discovery materials, and any copies thereof, in a secure location, not accessible to unauthorized third parties.

     3.  The defense may review the protected discovery materials

with third parties as part of the defense's good faith preparation for trial and defense of this case, but shall not permit any third party to keep a copy of any of the protected discovery materials.

    4. Upon the conclusion of this case, including any appeals, the defense shall promptly return to the Government all of the protected discovery material, and copies thereof, in its possession, or certify to the Government by means of a letter from defense counsel to the U.S. Attorney's Office or by a statement, under oath, from the defendant, delivered to the U.S. Attorney's Office, that all such protected discovery material and copies thereof have been destroyed.  If any protected discovery material is admitted into evidence in this case, or otherwise becomes a public record, it shall thereafter be exempt from the requirements of this Protective Order.  If the defendant returns to the United States any protected discovery material, pursuant to this Protective Order, the United States shall preserve such material in its closed case file in accordance with its usual records retention policy.

    It is so ordered.

                                          _____  
                                          HONORABLE JUDITH G. DEIN  
                                          United States Magistrate Judge

    Entered this ___ day of November, 2005 at Boston, MA.