UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN J. DIAMONT, JR. )<br>)<br>Defendant. )<br>) | CRIMINAL NO. 05-10154-MLW |

### DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Pursuant to Federal Rule of Criminal Procedure 7(f) and Local Rule 116.3,[1] defendant John Diamont moves the Court to order the government to file a bill of particulars that identifies,

(1) all tax returns that it maintains are false, and that it intends to offer into evidence;

(2) the entries on the tax returns that allegedly are false; and

(3) the amounts that allegedly should have been reported on those lines.

As grounds for this Motion, Mr. Diamont states that the government has charged him with a *Klein* conspiracy to impede the IRS and to file false tax returns. In contrast with the 23 paragraphs describing the alleged conspiracy (Count One), the indictment provides only two paragraphs explaining the basis for the allegedly false tax returns (Counts Two to Four). The alleged conspiracy started in or before 1995, but the indictment only identifies returns from 1998 to 2000. The indictment purposely obscures particulars of the alleged offenses and does not provide details as to the alleged false aspects of the relevant tax returns.[2] Such basic information

---

[1] On September 16, 2005, defense counsel first requested, in writing, that the government provide a bill of particulars (or certain information in lieu of a bill of particulars). Counsel for the government denied this request in writing on the same date. Subsequently, counsel have conferred in an attempt to resolve this and other discovery issues. Pursuant to Local Rule 116.3(E), defendant John Diamont requests that the Court order the government to file a bill of particulars.

[2] The indictment provides figures for "Unreported Cash Income" for 1998 to 2000 but does not identify how such income should have been reported or how the tax returns at issue would differ had the income been reported in such a way.

is necessary to prepare a defense. *See United States v. Leach*, 427 F.2d 1107, 1110 (1st Cir. 1970) ("The function of a bill of particulars is to . . . provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense . . . ."); *United States v. Horton*, 526 F.2d 884, 887 (5th Cir. 1976) ("The purpose of the bill of particulars is to apprise the defendant of the charges against him with sufficient precision to enable him to prepare his defense, and *this purpose is particularly well-served in complicated income tax prosecutions* like the instant one.") (citation omitted). Without knowing exactly which tax returns the government claims are false, and how the government contends the tax returns were false, Mr. Diamont is unable to properly prepare his defense to these charges.

WHEREFORE, Mr. Diamont asks the Court to order the government to provide a bill of particulars containing the information described above.

Respectfully submitted,

JOHN DIAMONT

By his attorneys,

 /s/ Lauren M. Papenhausen
Michael Kendall (BBO #544866)
Lauren M. Papenhausen (BBO #655527)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
617-535-4000

November 17, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 116.3(F)

Pursuant to Local Rule 116.3(F), the undersigned counsel for defendant John Diamont hereby certifies that defense counsel have conferred with counsel for the government and have attempted in good faith to resolve or narrow the issue presented in this Motion.

 /s/ Lauren M. Papenhausen

BST99 1480015-1.073607.0010