UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )      CRIMINAL NO. 05-10154-MLW
          v.                      )
                                  )
JOHN J. DIAMONT, JR.,             )
            Defendant             )

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

     The defendant is charged with conspiring to defraud the United

States by impeding, impairing, obstructing and defeating the Internal

Revenue Service in the administration of the income tax laws, in

violation of 18 U.S.C. §371.  Indictment, Count One, ¶6.  He is also

charged with three counts of willfully subscribing to false personal

income tax returns, for the years 1998 to 2000, in violation of 26

U.S.C. §7206(1).  Id., Counts 2 to 4 at ¶25.

     The defendant has moved for an order requiring the Government to

file a Bill of Particulars that identifies:

     (1) all tax returns that it maintains are false and that it

intends to offer into evidence;

     (2) the entries on the tax returns that allegedly are false; and

     (3) the amounts that allegedly should have been reported on

those lines.

Motion, p.1.  The defendant claims that without this information he

is "unable to properly prepare his defense ... ."  Id. at 2.

The United States opposes Defendant's Motion For A Bill of
Particulars.  The indictment specifies which tax returns are false
(1998, 1999 and 2000 Individual Income Tax Returns, Form 1040) and
how they are false (unreported cash income, $71,844 in 1998, $46,315
in 1999 and $33,540 in 2000).  Indictment, ¶25.  No further
particulars are required.  The defendant's motion is late and
premised on the mistaken belief that (1) a bill of particulars can be
used to require the government to specify its evidence; (2) the tax
returns at issue are false because of what is listed on them, rather
than what is omitted; and (3) the United States is required to
specify where on the tax returns the unreported cash income should
have been reported.

<u>Applicable Legal Principles</u>

Although Fed. R. Crim. P. 7(f) authorizes the defendant to move
for a bill of particulars, the First Circuit has noted that
"[m]otions for bills of particulars are seldom employed in modern
federal practice." <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1192
(1st Cir. 1993).  Rule 7(f) provides that the defendant may move for
a bill of particulars "within 10 days after arraignment, or at a
later time if the court permits."

The First Circuit has said a motion for a bill of particulars

> need be granted only if the accused, in the absence of
> a more detailed specification, will be disabled from
> preparing a defense, caught by unfair surprise at
> trial, or hampered in seeking the shelter of the
> Double Jeopardy Clause.

Id. at 1992-93; see also, United States v. Abreau, 952 F.2d 1458, 1469 (1st Cir. 1992); United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989); United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970).  "There is no need to grant a bill of particulars when the indictment is sufficiently specific." United States v. Hallock, 941 F.2d 36, 39 n.7 (1st Cir. 1991); United States v. Paiva, 892 F.2d at 154-55.  The decision to grant or deny a motion for a bill of particulars is entrusted to the sound discretion of the district court. Will v. United States, 389 U.S. 90, 98-99 (1967); United States v. Hallock, 941 F.2d at 40.  The Court of Appeals will reverse a conviction for denial of a motion for a bill of particulars only if the defendant can show actual prejudice. United States v. Roy, 375 F.3d 21, 25 (1st Cir. 2004).

A motion for a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004); 1 Wright et al., Federal Practice and Procedure, Criminal, 3d Ed. §129, n.25, p.658 (1999).  Thus the government may not be compelled, through a motion for a bill of particulars, to disclose "the manner in which it will attempt to prove the charges ... or [give] preview of the government's evidence or legal theories." United States v. Sattar, 314 F.Supp. 2d 279, 318 (S.D.N.Y. 2004).

<u>Argument</u>

A.    <u>The Defendant's Motion Is Late.</u>

Fed.R.Crim.P. 7(f) provides that a motion for a bill of particulars is to be filed within 10 days after arraignment.  The defendant was arraigned in this case on July 5, 2005 and his motion for a bill of particulars was not filed until November 17, 2005, more than four months late.

Rule 7(f) does permit the Court to allow the motion to be filed more than 10 days after arraignment.  The defendant has not requested such permission here, nor has he articulated any reason for filing his motion late.

B.    <u>The Defendant Already Has The Relevant Particulars</u>.

In his motion the defendant argues:

> without knowing exactly which tax
> returns the government claims are
> false, and how the government contends
> the tax returns are false, Mr. Diamont
> is unable to properly prepare his
> defense to these charges.

Motion, p.2.  The information the defendant seeks is expressly provided in the Indictment.  It states the false tax returns are his "joint U.S. Individual Income Tax Return (Form 1040)" for the years 1998, 1999 and 2000.  Indictment, ¶25.  The indictment also expressly identifies how the tax returns are false: "they failed to include as income the cash set forth below as unreported cash income, which defendant DIAMOND had received from the co-conspirator for Crystal Steel's scrap metal...." <u>Id</u>. The indictment goes on to state an exact

4

amount of unreported cash income as to each year.  Id.  In addition, the United States has provided the defendant with a schedule showing the date, number and amount of each check which Strogoff cashed to generate the cash to pay Diamont, and made the checks available to him for inspection.  The defendant has all the information he needs to prepare his defense.

The defendant asks that the Government be ordered to tell him which tax returns it intends to offer into evidence.  That is not a proper request for a bill of particulars.  The defendant will get that information when he gets our trial exhibits in accordance with the district court's trial order.

The defendant also requests that the Government be ordered to state which entries on the tax returns are false and how his unreported cash income should have been reported.  The Indictment clearly tells the defendant how the tax returns were false.  They failed to include the cash income from Strogoff.  Such unreported cash income could have been reported several different ways on the Form 1040 tax returns, including wages (line 7), ordinary dividends (line 9), business income (Schedule C and line 12), as a Schedule E business (line 17) or as other income (line 21).  There is no requirement that the Government prove at trial where the cash income should have been reported.  The elements of the offense of subscribing to a false tax return, in violation of 26 U.S.C. §7206(1), requires the Government to prove the tax return is false as

to a material matter but there is no requirement that the Government prove how the defendant should have reported omitted income.  West, First Circuit Pattern Jury Instructions (Criminal Cases), §4.27, p.110 and n.4 (1998); 3 L. Sands et al., Modern Federal Jury Instructions, Criminal, Instruction No. 59-23, p. 59-50 (2005). The defendant needs to prepare to defend against the charge that he had unreported cash income from Strogoff.  He need not be concerned about on which line this income should have been reported.

Conclusion

For the foregoing reasons, the Defendant's Motion For A Bill of Particulars should be denied.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney
                       By:
                              /s/ Peter A. Mullin
                              PETER A. MULLIN
                              Assistant U.S. Attorney
```

Dated: December 9, 2005

CERTIFICATE OF SERVICE

I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that a true copy of this document was served on counsel of record for the defendant by electronic filing this 9th day of December, 2005.

```
                              /s/ Peter A. Mullin
                              PETER A. MULLIN
                              Assistant U.S. Attorney
```