UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )     CRIMINAL NO. 05-10154-MLW
          v.                      )
                                  )
JOHN J. DIAMONT, JR.,             )
              Defendant           )

JOINT MEMORANDUM FOR FINAL STATUS CONFERENCE

Now comes the parties, by their attorneys, pursuant to Local

Rule 116.5(C), and file this joint memorandum in anticipation of the

Status Conference scheduled for December 21, 2005:

1. There are no discovery issues not yet presented to the

court. The defendant has a motion for discovery pending, which has

been fully briefed and the parties will be prepared to address at the

Status Conference. The defendant also has pending a motion for a

bill of particulars, which is fully briefed and the parties will be

prepared to address.

2. The government does not anticipate providing additional

discovery as a result of its future receipt of information, documents

or reports. The defendant has not provided the government any

discovery whatsoever and will comply with its obligations under the

applicable rules. The defendant indicates he may need to file

additional discovery motions or requests based on future events and

does not waive the right to do so. The government reserves the right

to oppose such motions or requests.

3. The defendant does not intend to raise a defense of insanity

or public authority.

4.  The government has not requested notice of alibi from the defendant.

5.  The defendant may file a substantive motion and the parties agree that the Court should set a deadline for such motions and a briefing schedule.

6.  The parties are not aware of any other matters, other than trial, which need to be scheduled.

7.  Both parties expect this case will proceed to trial.

8.  The parties agree that the Court should exclude, under the Speedy Trial Act, the period from December 19 to 21, 2005 and the period from December 21 until the Court decides the defendant's motions for discovery and a bill of particulars.  This later period cannot exceed 30 days.  There are no disagreements between the parties as to excludable delay.

9.  The Government estimates the trial of this case, including jury selection, openings, the government's case-in-chief, closing and instructions, will require six trial days.  This estimate assumes a trial day of 9:00 a.m. to 1:00 p.m. and that the duration of cross-examination of witnesses will not exceed the length of direct examination.  The defendant states he cannot make an estimate of the

length of the trial until he has a better understanding of the number and identity of the government's witnesses.

Respectfully submitted,

For The United States:        For Defendant John J. Diamont, Jr.

MICHAEL J. SULLIVAN
United States Attorney

By:
    /s/ Peter A. Mullin        /s/ Michal Kendall
    PETER A. MULLIN            MICHAEL KENDALL
    Assistant U.S. Attorney    LAUREN M. PAPENHAUSEN
                               Attorneys for John J. Diamont, Jr.


Dated: December 20, 2005