UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
05-10154-MLW

UNITED STATES OF AMERICA

v.

JOHN J. DIAMONT, Jr.

## ORDER ON DEFENDANT'S MOTION FOR DISCOVERY AND MOTION FOR A BILL OF PARTICULARS

December 21, 2005

DEIN, M.J.

This matter is before the court on (1) the defendant's "Motion for a Bill of Particulars" (Docket No. 30) and (2) the defendant's "Motion for Discovery" (Docket No. 31).  After reviewing the submissions and considering the parties' arguments, the court rules as follows.

### A.   The Defendant's Motion for a Bill of Particulars

"[I]n general, an indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which [he] must defend, and enables [him] to plead double jeopardy in bar of future prosecutions for the same offense."  United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993).  "Motions for bills of particulars are seldom employed in modern federal practice.  When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at

trial, or hampered in seeking the shelter of the Double Jeopardy Clause." Id. at 1192-93, and cases cited. See also United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989) ("The purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy."), and cases cited. Applying this standard to the instant case requires that the defendant's "Motion for a Bill of Particulars" (Docket No. 30) be DENIED.

The indictment clearly identifies the tax returns which the government claims are false, and explains that they are false for failure to include specified amounts of cash income. While the defendant requested that the government identify where precisely in the tax returns the missing cash should have been reported, this is not an element of the crime charged. As the government explained during argument on the defendant's motion, it would be up to the defendant to determine where the income should have been reported. Moreover, since the defense is that the income was never received, not knowing where on the returns the income could have been reported will not hinder the defense of this case.

The defendant further requests that the government identify all tax returns it intends to introduce at trial as evidence of the alleged conspiracy. Such tax returns, if any, will be identified when the government lists all of its exhibits. A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004) (quoting United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993)). See

also United States v. Sattar, 314 F. Supp. 2d 279, 318 (S.D.N.Y. 2004) ("The Govern-ment may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Government's evidence or legal theories."), and cases cited.  Since the government's evidence will be disclosed in accordance with a schedule set by the trial judge, a bill of particulars is not appropriate. See, e.g., United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (bills of particulars are unnecessary when the information sought is available from other sources).

### B.  The Defendant's Discovery Motion

The defendant's "Motion for Discovery" (Docket No. 31) is ALLOWED IN PART and DENIED IN PART as follows:

IA.  Yale Strogoff's Proffer: The government will review statements of Yale Strogoff and will produce them to the extent that they relate to Steven Strogoff. Otherwise this request is denied.

1B.  C&J Trucking: The government has made sufficient inquiry for information regarding Mr. Strogoff's involvement with C&J Trucking.  This request is denied.

1C.  Mr. Strogoff's Pre-Sentence Report: The court has taken this request under advisement.  The defendant shall file a supplemental brief by January 5, 2006, and the government shall file a response by January 12, 2006.

IIA.  Plea Negotiations: The government will make further inquiry of Agent Saunders, and will provide a statement concerning what was said by Mr. Brown, if

anything, about the alleged tax evasion by Mr. Diamont.  Otherwise, there is nothing further to produce and this request is denied.

IIB.  CTR/8300/SAR (collectively "CTRs") Forms: If the government has previously produced CTRs relating to funds picked up by Steven Strogoff, the government shall expand its production of CTRs to cover the period through December 31, 2002.  If no such CTRs were previously produced, the defendant may renew his request in his brief due on January 5, 2006.

_____/ s / Judith Gail Dein_____
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE