UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )    CRIMINAL NO. 05-10154-MLW
          v.                    )
                                )
JOHN J. DIAMONT, JR.,           )
          Defendant             )

GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF HIS MOTION FOR DISCOVERY

Introduction

     In a supplemental memorandum that is heavy on allegation and
insinuation, but light on facts, the defendant accuses the Government
of "illegal" conduct in connection with the sentencing of Yale
Strogoff and demands an order compelling the Government to produce to
him now "all evidence of criminal wrongdoing by Yale Strogoff -
regardless of how actively the government investigated such
wrongdoing."  Deft's Supp. Memo, p.1.  The defendant asserts,
incorrectly, that such information "constitutes a 'promise, reward or
inducement'" that the Government must disclose now.  Id.

     The United States opposes the defendant's request.  We urge the
Court to go back to the defendant's original motion, which this most
recent pleading purports to supplement, and look at the discovery he
originally requested.  The United States has provided the defendant
with all of the "promises, rewards and inducements" discovery to
which he is entitled, and then some.  What the defendant seeks in
this supplemental memorandum is material which, if it exists, Local
Rule 116.2(B)(2)(e) expressly provides need not be provided until 21
days before trial.  In addition, some of the material which the

defendant seeks is simply not material and thus not discoverable under L.R. 116.2.  Before addressing these issues, however, the United States is compelled to respond to at least some of the reckless, untrue and misleading assertions in the Defendant's Supplemental Memorandum.

I.    The Defendant's Supplemental Memorandum Is Repleat With Reckless, Untrue and Misleading Statements

In the first sentence of his supplemental memorandum the defendant asserts that he is submitting the memorandum "to address issues that the Court raised in connection with one of [his] requests for additional discovery."  Deft's Supp. Memo, p.1, emphasis added. The Court did not raise any of the issues addressed in Supplemental Memorandum, the defendant did.

In connection with the prosecution of Yale Strogoff, the defendant accuses the United States of having engaged in "illegal fact bargaining," which he says is defined as "'the knowing abandonment by the government of a material fact developed by law enforcement authorities or from a witness expected to testify in order to induce a guilty plea.'"  Id. at p.3.  There was no such fact bargaining in the Strogoff case.  There were no discussions, whatsoever, between the United States and Strogoff's counsel regarding what tax loss or relevant conduct the United States would submit to Probation in Strogoff's case.  Judge Zobel was well aware that Strogoff's illegal conduct with the Kradins began in the late 1980's and continued until 1998.  We submitted tax loss information

2

for 1996 to 1998 only, because those were the only years for which we had checks from which we could calculate a tax loss. We made this decision unilaterally and after Mr. Strogoff had pled guilty. With regard to Strogoff's customers, other than the Kradins, the only way we could prove Strogoff had engaged in any tax offense with them, was to use Strogoff's own statements against him, which we had expressly promised in his proffer letter agreement we would not do.

The defendant asserts, recklessly, that "a simple review of Mr. Strogoff's business documents shows that the Strogoffs had withdrawn several million dollars of cash <u>to benefit themselves</u> or others." Deft's Supp. Memo, p.5, emphasis added. This is simply not true. The business records certainly show that the Strogoffs regularly cashed checks to pay customers who were supplying them with scrap metal. But there is no evidence, documentary or otherwise, that the Strogoffs were withdrawing cash to benefit themselves.

The defendant also misleadingly asserts "[w]itness testimony raised the issue of Mr. Strogoff's son's evasion." <u>Id</u>. The basis for this assertion is a witness interview with a former secretary/office manager who left Strogoff's employ in a dispute, who said that Steven Strogoff lived a "nice life," owned several homes over several years, owned 2 or 3 boats over the last few years and often ate out with his family and paid cash for his meals. This witness also said she was "unaware of either [Yale] Strogoff or Steven Strogoff taking cash from the company for personal use."

3

Finally, in what can only be characterized as a classic, Senator Joe McCarthy smear, the defendant asserts:

> With regard to at least one fraudulent scheme, the defense is aware that the government knew Mr. Strogoff received illegal income from a fraudulent scheme. It was apparent Mr. Strogoff did not report this income on his tax returns or pay taxes on it. The government withheld this information from the sentencing court.

Deft's Supp. Memo, p.5. If "the defense is aware that the government knew" about this alleged illegal income from a fraudulent scheme, then why not identify the scheme in the memorandum, so that the government can address the allegation? There is no legitimate reason to hold for cross examination things that you know the government already knows.

   II.   The United States Has Provided The Defendant With All of
         the Discovery Regarding Promises, Rewards or Inducements To
         Which He Is Entitled.

L.R. 116.2(B)(1)(c) provides that government must provide to the defendant as part of 28 day material:

> A statement whether any promise, reward, or inducement has been given to any witness whom the government anticipates calling in its case-in-chief, identifying ... each promise, reward or inducement, and a copy of any promise, reward or inducement reduced to writing.

The United States is well aware that this rule requires disclosure of more than just a written plea agreement and includes oral representations. United States v. Delgado, 2004 WL 1406097 *1.

The United States has provided the defendant with a copy of the 9/26/01 proffer agreement relating to Yale Strogoff, as well as a copy of his May 7, 2004 plea agreement and a written statement that

4

in connection with Strogoff's grand jury testimony we agreed not to inquire about non-Massachusetts customers because the plea agreement was limited to the U.S. Attorney's Office for the District of Massachusetts.  There simply were not any other promises, rewards or inducements provided to Yale Strogoff.

In the Defendant's Motion For Discovery, Dkt. No. 31, the defendant moved the Court "to compel the government to disclose all calculations of all tax evasion in which Mr. Strogoff was a knowing participant, or that arguably constituted relevant conduct."  <u>Id</u>. at p.4.  Although not required to do so, because there never was any promise, reward or inducement given to Strogoff by the government relating to tax loss or relevant conduct, the United States has provided the defendant with all of the tax loss calculations it has relating to Strogoff's customers.  This includes the tax loss calculation used in sentencing both the Kradins and Yale Strogoff. We have also provided the defendant with all of our letters with Strogoff's counsel in 2002 relating to tax loss, how we calculated it and the back-up information on which the calculations were based.  We simply do not have anything else relating to tax loss to provide. The defendant has the information he needs to explore, in the cross-examination of Yale Strogoff, whether there was any promise, reward or inducement provided to him relating to relevant conduct.

III.  Evidence of Criminal Wrongdoing By A Witness, If It Exists,
      Is 21 Day Material.

In his Supplemental Memorandum the defendant is moving the Court

5

to compel the government to produce "all evidence of criminal
wrongdoing by Mr. Strogoff ...." Deft's Supp. Memo, p.1. If any
such evidence exists, other than the evidence which has already been
provided to the defendant, it need not be produced to him until 21
days before trial. L.R. 116.2(B)(2)(e) expressly provides that at
that time the Government must provide the defendant with:

> A written description of any prosecutable federal
> offense known by the government to have been
> committed by any witness whom the government
> anticipates calling in its case-in-chief.

The defendant appears to implicitly concede that he is not entitled
to this information at this time when he states in his memorandum,
"[e]ven if this information were not required to be produced at this
time under Local Rule 116.2, requiring its production makes sense
from a policy prospective." Deft's Supp. Memo, p.7, n.11.
Notwithstanding the defendant's policy musings, "[t]he District of
Massachusetts ... has chosen to require disclosure of such evidence
in the bifurcated manner set out in subsections (1) and (2) of Local
Rule 116.2(B)." United States v. Delgado, 2004 WL 1406097 *2.

IV. The Defendant Takes An Overly Broad View of What
Constitutes Exculpatory Information For The Purpose of
L.R. 116.2.

In his Supplemental Memorandum the defendant takes an overly
broad view of what constitutes exculpatory information for the
purposes of Local Rule 116.2. For example, he cites information he
claims to have developed relating to Mr. Strogoff's dealings with the
General Electric plant in Lynn, MA and says "[t]here may have been

contractual or other legal restrictions regulating the disposal of
the alloy scrap, tools, and rejected parts," which Strogoff purchased
from GE.  Deft's Supp. Memo, p.6., emphasis added.  He cites this,
presumably, because he believe Strogoff may have violated these
contractual or other legal restrictions and he thinks this is an
example of the type of information which the government is obligated
to disclose to him if it is aware of such information.[1]  The United
States has no such obligation.

As another judge of this court has recently said regarding L.R.
116.2: "to be exculpatory, information must be both 'material' and
'favorable to the accused.'" United States v. Carpenter, 2005 WL
3475694 *9; L.R. 116.2(A).  Not all information that might be
favorable to a defendant is necessarily material.  Kyles v. Whitley,
514 U.S. 419, 437 (1995); United States v. Bagley, 473 U.S. 667, 675
n.7 (1985).  The test for materiality is whether "there is a
reasonable probability that, had the evidence been disclosed to the
defense, the result of the proceeding would have been different.  A
'reasonable probability' is a probability sufficient to undermine
confidence in the outcome." Bagley, 473 U.S. at 682.  "The question
is not whether the defendant would more likely than not have received

---

[1]The defendant also cites, presumably for the same purpose,
(1) information he claims to have relating to the disposal of
hazardous waste, which he says "apparently" violated the law; and
(2) his belief that it is "likely" that Mr. Strogoff probably
failed to properly dispose of battery acid.  Deft's Supp. Memo,
p.6.  In the conclusion to his Supplemental Memorandum, he claims
to be entitled to "all information or documents relating to any
potential crimes committed by Yale Strogoff," which was not
included in his PSR.  Id. at 8, emphasis added.

a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." <u>Kyles</u>, 514 U.S. at 434. The materiality of the undisclosed information is to be assessed not in isolation, but in the context of the entire record at the trial. <u>See</u> <u>United States v. Agurs</u>, 427 U.S. 97, 112, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976).

In <u>Carpenter</u> Judge O'Toole rejected claims that the government was obligated to disclose to the defense under L.R. 116.2 its belief that its key witness had lied in interviews as to certain matters. The defense had argued such information was discoverable under L.R. 116.2(B)(2)(e) on the theory that lying to a federal agent is a prosecutable offense under 18 U.S.C. §1001. <u>Carpenter</u>, <u>supra</u>, at *10-12. This Court should similarly find that information about "potential crimes" Strogoff may have committed, contractual violations which may have happened and suggestions that it is "likely" that Mr. Strogoff did not properly dispose of some battery acid are not "material" matters requiring disclosure under L.R. 116.2, even as 21 day material.

<u>Conclusion</u>

For the foregoing reasons, and those contained in our original

opposition, the Defendant's Motion for Discovery, including his

supplemental requests, should be denied.

                                Respectfully submitted,
                                MICHAEL J. SULLIVAN
                                United States Attorney

By:

                                /s/ Peter A. Mullin
                                PETER A. MULLIN
                                Assistant U.S. Attorney

Dated: January 12, 2006

### CERTIFICATE OF SERVICE

    I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that a true copy of this document was served on counsel of record for the defendant by electronic filing this 12th day of January, 2006.

                                /s/ Peter A. Mullin
                                PETER A. MULLIN
                                Assistant U.S. Attorney