UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
05-10154-MLW

UNITED STATES OF AMERICA

v.

JOHN J. DIAMONT, Jr.

**SUPPLEMENTAL ORDER ON**
**DEFENDANT'S MOTION FOR DISCOVERY**

January 18, 2006

DEIN, M.J.

     At the December 21, 2005 hearing on the defendant's Motion for Discovery, this court requested additional briefing in connection with the motion to compel the government to produce information about the conduct of Yale Strogoff.  In his supplemental memorandum, the defendant has further defined his request as being for "all evidence of criminal wrongdoing by Mr. Strogoff — regardless of how actively the government investigated such wrongdoing."  Def.'s Supp. Mem. at 1.  After consideration of the parties' supplemental memoranda, this motion to compel is denied without prejudice.  It is clear that the government recognizes that its "obligation with regard to the disclosure of promises, rewards and inducements . . . cannot be satisfied merely by the production of plea agreements."  United States v. Delgado, No. Crim. 03-30008-MAP, 2004 WL 1406097, at *1 (D. Mass. June 17, 2004).  The government seems to have met its obligations by providing the proffer agreement, plea agreement, a written statement

regarding Mr. Strogoff's grand jury testimony, all tax loss calculations, and all communications with Mr. Strogoff's counsel relating to any tax losses. The defendant's request for any information that <u>may have</u> led to the conclusion that Mr. Strogoff <u>may have</u> engaged in other wrongful conduct is too broad, and exceeds the boundaries of permissible discovery. The fact that further investigations could, potentially, have revealed information about possible wrongful conduct which was never charged does not, in and of itself, make the underlying conduct discoverable as part of a "promise, reward or inducement."

Furthermore, the information requested may, at most, constitute discoverable material under Local Rule 116.2(B)(2)(e), which requires the production of "[a] written description of any prosecutable federal offense known by the government to have been committed by any witness whom the government anticipates calling in its case-in-chief." Such information does not need to be produced until twenty-one (21) days before trial. While that production schedule may be altered by the trial judge, this court is not persuaded that it should be modified at this time.

For these reasons, the defendant's motion to compel additional material relating to Yale Strogoff is DENIED without prejudice.

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge