```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )    CRIMINAL NO. 05-10154-MLW
        v.                  )
                            )
JOHN J. DIAMONT, JR.,       )
        Defendant           )
```

               JOINT MEMORANDUM FOR FINAL STATUS CONFERENCE

   Now come the parties, by their attorneys, pursuant to Local Rule 116.5(C), and file this joint memorandum in anticipation of the Status Conference scheduled for January 26, 2006:

   1.   There are no discovery issues of which the parties are presently aware that have not yet been presented to the Court.  The Court has ruled on all the defendant's discovery motions.  The defendant reserves the right to raise discovery issues based on new information.  It is possible the defendant may need to make additional filings concerning the Fed. R. Crim. P. 17(c) issue.  The Government reserves the right to file motions to enforce the defendant's discovery obligations.

   2.   The government does not anticipate providing additional discovery as a result of its future receipt of information, documents or reports.  The defendant has not provided the government any post indictment discovery whatsoever and indicates he will comply with his obligations under the applicable rules.

   3.   The defendant does not intend to raise a defense of insanity or public authority.

   4.   The government has not requested notice of alibi from the

defendant.

    5.  The defendant has indicated he may file a substantive motion which would require a ruling by the District Court before trial.  The Court has set a deadline for such motion of February 23, 2006.

    6.  The parties are not aware of any other matters, other than trial, which need to be scheduled.

    7.  Both parties expect this case will proceed to trial.

    8.  The parties agree that the Court should exclude, under the Speedy Trial Act, the period from January 24, 2006 to February 23, 2006, or the date on which the defendant files any substantive motion, whichever is earlier, pursuant to 18 U.S.C. §3161(h)(8)(A), as being in the interests of justice to give the defendant time to consider whether he wants to file such motion.  There are no disagreements between the parties as to excludable delay.  At present there are 70 days remaining on the Speedy Trial clock.

    9.  The Government estimates the trial of this case, including jury selection, openings, the government's case-in-chief, closings and instructions, will require six trial days.  This estimate assumes a trial day of 9:00 a.m. to 1:00 p.m. and that the duration of cross-examination of witnesses will not exceed the length of direct examination.  The defendant states he cannot make an estimate of the

length of the trial until he has a better understanding of the number and identity of the government's witnesses.

Respectfully submitted,

For The United States:         For Defendant John J. Diamont, Jr.

MICHAEL J. SULLIVAN
United States Attorney

By:
    <u>/s/ Peter A. Mullin</u>         <u>/s/ Michael Kendall</u>
    PETER A. MULLIN              MICHAEL KENDALL
    Assistant U.S. Attorney      LAUREN M. PAPENHAUSEN
                                 Attorneys for John J. Diamont, Jr.

Dated: January 23, 2006