UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | |
| JOHN J. DIAMONT, JR. | ) ) | CRIMINAL NO. 05-10154-MLW |
| Defendant. | ) ) ) | |

### DEFENDANT'S OPPOSITION TO THE STROGOFFS' OBJECTION TO PROTECTIVE ORDER

Defendant John Diamont opposes nonparties Yale Strogoff, Roberta Strogoff, and Steven Strogoff's (the "Strogoffs") Objection to Protective Order.

Paragraph 4 of the Protective Order simply acknowledges that if a tax return is admitted as evidence at trial, that tax return has entered the public domain and is no longer confidential. The question of admissibility of any evidence at trial will be governed by the Federal Rules of Evidence and will be a decision for the Court, in consultation with the parties. A nonparty witness has no standing to request that any otherwise admissible evidence be precluded from admission in a criminal trial. Indeed, by granting Mr. Diamont's motion to subpoena the Strogoffs' tax returns, this Court has already made a preliminary finding that those tax returns could be admissible as evidence at Mr. Diamont's trial.[1]

The Strogoffs' request that the Protective Order be subject to approval by their two accounting firms, the U.S. Attorney's Office, and the Internal Revenue Service is nonsensical. The Protective Order was drafted by the U.S. Attorney's Office, acting, in part, on behalf of the

---

[1] *See United States v. Nixon*, 418 U.S. 683 (1974) (holding that one of the criteria for allowing pre-trial subpoenas pursuant to Federal Rule of Criminal Procedure 17(c) is that the requested documents are likely to contain admissible evidence).

Internal Revenue Service, and was approved by the Court. The two accounting firms have no stake in the Protective Order entered in this case and no right to impact the Court's management of confidentiality concerns. Indeed, the two accounting firms have resolved with the defense all of their concerns about their production of documents in response to the subpoenas, and Abrams Little-Gill Loberfeld, P.C., has already produced such documents.

     Mr. Diamont accordingly asks the Court to overrule the Strogoffs' objections to the Protective Order.

Respectfully submitted,

JOHN DIAMONT

By his attorneys,

 /s/ Lauren M. Papenhausen
Michael Kendall (BBO #544866)
Lauren M. Papenhausen (BBO #655527)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
617-535-4000
Fax: 617-535-3800
mkendall@mwe.com
lpapenhausen@mwe.com

Dated: March 17, 2006

## CERTIFICATE OF SERVICE

     I, Lauren M. Papenhausen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 17, 2006.

 /s/ Lauren M. Papenhausen

BST99 1495636-1.073607.0010