UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN J. DIAMONT, JR. ) | CRIMINAL NO. 05-10154-MLW |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE**
**DISPUTED INVOICES AND DISPUTED CHECKS**

Defendant John Diamont moves *in limine* to exclude two sets of evidence (the "Disputed Evidence") that the government intends to offer at trial:

    a.    A group of invoices that the government alleges track cash that it contends Yale Strogoff paid to John Diamont for the sale of scrap metal; and

    b.    A group of checks payable to fictitious payees or to cash that the government contends Strogoff cashed to generate cash for payment to Diamont.

In support of this Motion, the defendant states that the Disputed Evidence is hearsay. Moreover, it bears none of the indicia of reliability or trustworthiness that would allow it to be admissible under the business records rule or any other hearsay exception. This question of admissibility is within the judge's purview and can be decided before a jury is impaneled. The defendant requests that the Court conduct an evidentiary hearing in advance of trial to hear witnesses on the reliability of the Disputed Evidence. The defense believes an evidentiary hearing is the most efficient means of deciding the admissibility of the Disputed Evidence. Though the defense has explained its arguments in the Memorandum submitted herewith and outlined the expected evidence in the two Affidavits of Michael Kendall submitted herewith, the

defense believes that only with an evidentiary hearing may the Court get a full sense of why the Disputed Evidence is so unreliable.

WHEREFORE, the defendant asks the Court to hold an evidentiary hearing in advance of trial to consider the admissibility of the Disputed Evidence and, at the conclusion of the trial, to exclude such evidence from trial as inadmissible hearsay.

                                                              Respectfully submitted,

                                                              JOHN DIAMONT

                                                              By his attorneys,

                                                             /s/ Lauren M. Papenhausen
                                                         Michael Kendall (BBO #544866)
                                                         Lauren M. Papenhausen (BBO #655527)
                                                       McDERMOTT WILL & EMERY LLP
                                                         28 State Street
                                                         Boston, MA 02109
                                                         617-535-4000
                                                         Fax:  617-535-3800
                                                         mkendall@mwe.com
                                                         lpapenhausen@mwe.com

Dated:  April 21, 2006

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel for defendant John Diamont hereby certifies that defense counsel have conferred with counsel for the government and have attempted in good faith to resolve or narrow the issues presented in this Motion.

                                                             /s/ Lauren M. Papenhausen

### CERTIFICATE OF SERVICE

I, Lauren M. Papenhausen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 21, 2006.

                                                             /s/ Lauren M. Papenhausen