UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>           )<br>     v.          )<br>           )<br>JOHN J. DIAMONT, JR.,      )<br>         Defendant   ) | CRIMINAL NO. 05-10154-MLW |

GOVERNMENT'S MOTION <u>IN LIMINE</u> TO EXCLUDE EVIDENCE OF ALLEGED
CRIMINAL CONDUCT OF YALE STROGOFF NOT RESULTING IN CONVICTION

Now comes the United States, by its attorney, and moves this Court, <u>in limine</u>, for an order prohibiting the defendant from inquiring on cross-examination of Yale Strogoff about certain alleged criminal conduct not resulting in a criminal conviction, and to exclude extrinsic evidence relating to such alleged conduct, and states:

1.  The United States expects to call Yale Strogoff as a witness in this case and expects he will testify that he paid the defendant in cash for scrap metal from Crystal Steel Company, as alleged in the indictment.

2.  The defendant has asserted that he is aware of a number of activities of Mr. Strogoff which he alleges "likely violated federal and/or state criminal statutes." (Dkt. No. 46, p.5[1].) The defendant states he is reserving most of his examples of

---

[1] The referenced document is Defendant's Supplemental Memorandum in Support of His Motion for Discovery (Fact Bargaining) dated January 5, 2006 and filed under seal. It does not appear in the Docket Report available to the United States and thus we are inferring the applicable docket number.

Mr. Strogoff's alleged "criminal wrongdoing" for cross-examination at trial.  <u>Id</u>.  He has purported to disclose two examples of this alleged criminal wrongdoing, however: (1) the improper disposal of metal equipment that contained hazardous wastes, including PCBs, car battery acid and fluorocarbons; and (2) acquiring alloy metal, tools and rejected aircraft engine parts from the GE plant in Lynn, MA through "some improper arrangement," and then reselling the scrap, tools and parts, perhaps in violation of "contractual or other legal restrictions."  <u>Id</u>. at 6.

    3.   As set forth in the Government's Memorandum in Support of this motion, the alleged "criminal wrongdoing" which the defendant has tendered is not probative of Mr. Strogoff's character for truthfulness, and thus the defendant is prohibited from inquiring into such conduct by Fed. R. Evid. 608(b).

    4.   If the defendant has any other alleged "criminal wrongdoing," which has not resulted in a conviction, which is probative of Mr. Strogoff's character for truthfulness, the defendant is limited to inquiring of Mr. Strogoff about such conduct on cross-examination, and is prohibited from offering extrinsic evidence of such alleged "criminal wrongdoing."

REQUEST FOR ORAL ARGUMENT

The United States requests oral argument on this motion.

                               MICHAEL J. SULLIVAN
                               United States Attorney
                    By:

                               /s/ Peter A. Mullin
                               PETER A. MULLIN
                               Assistant U.S. Attorney

Dated: April 21, 2006

Local Rule 7.2 Certification

    I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that I have conferred with counsel for the defendant and have attempted in good faith to narrow or resolve the issues presented in this motion.

                               /s/ Peter A. Mullin
                               PETER A. MULLIN
                               Assistant U.S. Attorney

CERTIFICATE OF SERVICE

    I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that I have caused a copy of the foregoing document to be served on counsel of record by electronic filing this 21st day of April, 2006.

                               /s/ Peter A. Mullin
                               PETER A. MULLIN
                               Assistant U.S. Attorney