```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )    CRIMINAL NO. 05-10154-MLW
          v.                  )
                              )
JOHN J. DIAMONT, JR.,         )
          Defendant           )
```

GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION
IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGE CRIMINAL
CONDUCT OF YALE STROGOFF NOT RESULTING IN CONVICTION

Introduction

Defendant John J. Diamont, Jr. has alleged that he is aware of a number of activities of Yale Strogoff "that likely violated federal and/or state criminal statutes." (Dkt. No. 46, p.5.[1]) He has indicated he is reserving most of his examples of Mr. Strogoff's alleged "criminal wrongdoing" for cross-examination at trial, although he has purported to disclose two examples of this conduct. As set forth more fully below, the examples which the defendant has purported to disclose are not probative of Mr. Strogoff's character for truthfulness. In fact, as to one example, the defendant does not even expressly allege the conduct is criminal. In any event, Fed. R. Evid. 608(b) prohibits inquiry into such conduct on cross-examination if it is

---

[1] The referenced document is Defendant's Supplemental Memorandum in Support of His Motion for Discovery (Fact Bargaining) dated January 5, 2006 and filed under seal. This document does not appear in the Docket Report available to the United States and thus we are inferring the applicable docket number.

not probative of truthfulness, and prohibits extrinsic evidence of such alleged conduct.  Set forth below is a summary of the defendant's claims regarding Mr. Strogoff's alleged criminal wrongdoing, a review of the applicable legal principles, and then a discussion of why this evidence is not admissible at trial.

Defendant's Factual Allegations

A.  Hazardous Waste

The defendant has alleged that Mr. Strogoff's scrap metal companies purchased metal equipment that contained hazardous wastes and that Mr. Strogoff directed his employees to dump the wastes into the ground at his scrap yard in Chelsea, MA and into a small creek that ran across the property.  (Dkt. No. 46, p.6.) The defendant claims that beginning "in or before the 1990s" Mr. Strogoff directed the improper disposal of PCBs, which, the defendant claims, "apparently violated laws on dumping hazardous wastes."  Id.  The defendant also alleges (1) that S. Strogoff & Co. purchased car batteries and household refrigerators; (2) the defendant believes the law "likely required" Mr. Strogoff to properly dispose of battery acid and fluorocarbons in refrigeration units; and (3) the defendant is not aware of any facilities, on or off site, which Mr. Strogoff used to properly dispose of these wastes.  Id.

B.  General Electric, Lynn, MA

The defendant has alleged that Mr. Strogoff purchased scrap metal from the General Electric aircraft engine plant in Lynn, MA.  (Dkt. No. 46, p.6.)  He has further alleged that "[t]hrough some improper arrangement with a General Electric employee," Mr. Strogoff received extremely valuable alloy metal, tools and rejected parts, which he resold.  Id.  The defendant asserts "[t]here may have been contractual or other legal restrictions regulating the disposal of the alloy scrap, tools and rejected parts to protect military or trade secrets and for safety reasons."  Id.

## Applicable Legal Principles

Fed. R. Evid. 608(b) provides in pertinent part:

> (b) **Specific instances conduct**.  Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness ....

Rule 608 "is centrally concerned with character for veracity." United States v. Cudlitz, 72 F.3d 992, 996 (1st Cir. 1996).  It permits "discrediting by opinion or reputation evidence as to character for veracity, Rule 608(a), and, on cross-examination only, by inquiry into specific instances of conduct if 'probative of truthfulness or untruthfulness.  Rule 608(b)."  Id.

Whether to permit inquiry on cross-examination of a witness,

as to specific instances of conduct, to show a character for untruthfulness, is committed to the sound discretion of the district court.  United States v. Thiongo, 344 F.3d 55, 60 (1st Cir. 2003).  The First Circuit has said

> The discretion of the district court under Rule 608 is guided by several factors, including whether the instances of prior untruthfulness bore some similarity to the conduct at issue, whether or not they were remote in time, whether they were cumulative of other evidence, and whether there was some likelihood they happened.

United States v. Simonelli, 237 F.3d 19, 23 (1st Cir. 2001).  See United States v. Mateos-Sanchez, 864 F.2d 232, 236 (1st Cir. 1988) (questions about specific instances of conduct must be "clearly probative of truthfulness" and not remote in time.)

Under Fed. R. Evid. 608(b) "[e]xtrinsic evidence of specific bad acts is not admissible to show untruthfulness."  United States v. Gomes, 177 F.3d 76, 81 (1st Cir. 1999).  Evidence is extrinsic "if offered through documents or other witnesses, rather than through cross-examination of the witness himself or herself."  United States v. Boulerice, 325 F.3d 75, 82, n.5 (1st Cir. 2003).  "[T]he purpose of Rule 608(b)'s prohibition of extrinsic evidence is to avoid mini-trials on irrelevant or collateral matters."  United States v. Beauchamp, 986 F.2d 1, 4 n.1 (1st Cir. 1993).  A matter is considered collateral if

> the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness.

Id., citing 1 McCormick on Evidence §45 at 169.  As the First Circuit explained in Ellsworth v. Warden, 333 F.3d 1 (1st Cir. 2003), this rule applies even to "lies" told by a witness on a former occasion:

> There is nothing unusual about limiting extrinsic evidence of lies told by a witness on other occasions; under the Federal Rules of Evidence, exclusion of such evidence is the usual rule and even cross-examination as to such lies is limited.  The theory, simply enough, is that evidence about lies not directly relevant to the episode at hand could carry courts into an endless parade of distracting, time-consuming inquiries.

Id. at 8.

Rule 608(b)'s prohibition on extrinsic evidence of specific instances of conduct of a witness means that if the witness denies the alleged conduct "the examiner must accept the answer given by the witness."  Deary v. City of Gloucester, 9 F.3d 191, 197 (1st Cir. 1993); United States v. Beauchamp, 986 F.2d at 3. The First Circuit has explained the rationale behind this rule:

> cross-examination of this kind is part of a system of checks and balances that the law has developed to caution a credulous jury against possible perjury.  Thus, while the question may be asked, the [examiner] must on demand supply a good faith basis for the question; the witness may vigorously deny the suggestion and explain the basis for the denial; with rare exceptions, the [examiner] must accept the answer without offering extrinsic evidence; and the court will normally provide a limiting instruction.

United States v. Cudlitz, 72 F.3d at 997.

Occasionally evidence of specific instances of conduct by a witness may be relevant to an issue other than truthfulness, such

5

as bias.  United States v. Rios Ruiz, 579 F.2d 670, 673-74 (1st Cir. 1978) (in prosecution of police officer for use of excessive force, it was proper to allow extrinsic evidence that two police officers called by the defense had been punished in unrelated excessive force incident.)  The admission of specific instances of witness conduct, on grounds other than Rule 608(b), is subject to the balancing of interests required by Fed. R. Evid. 403.  Id. at 674; United States v. Gomes, 177 F.3d at 81 (trial judge had discretion to exclude extrinsic evidence that Government's chief cooperating witness had purchased cocaine, in violation of his cooperation agreement, when such evidence was offered to show bias, where there was "no indication government planned to revoke the agreement and risk losing its star witness.") Extrinsic evidence of witness conduct is not admissible to contradict the witness' denial of such conduct on cross-examination, if the alleged conduct is collateral to the issues in the case.  United States v. Perez-Perez, 72 F.3d 224, 227 (1st Cir. 1995) ("extrinsic evidence to impeach is only admissible for contradictions where the prior testimony being contradicted was itself material to the case at hand."); United States v. Beauchamp, 986 F.2d at 3 (it is "well established that a party may not present extrinsic evidence to impeach a witness by contradiction on a collateral matter.").

6

ARGUMENT

I.   The Court should prohibit the defendant from inquiring on cross-examination of Yale Strogoff about the disposal of hazardous waste at S. Strogoff & Co. and exclude extrinsic evidence on this topic

The acts the defendant has alleged relating to Yale Strogoff, and the disposal of hazardous wastes at S. Strogoff & Co., even if true, are not probative of Mr. Strogoff's truthfulness or untruthfulness, and thus are not proper topics for cross-examination.  Not all criminal or illegal behavior is relevant to truthfulness.  4 Weinstein's Federal Evidence §608.22(2)(a), p. 608-53; United States v. Bynum, 566 F.2d 914, 923 (5th Cir. 1978) (holding foster children against their will to work at race track not probative of witness's truthfulness); United States v. Devery, 935 F. Supp. 393, 407-08 (S.D.N.Y. 1996) (acts of sexual perversion properly excluded as not probative of witness's veracity); United States v. Parker, 133 F.3d 322, 327 (5th Cir. 1998) (violent crimes irrelevant to witness' character for truthfulness); West v. Love, 776 F.2d 170, 176 (7th Cir. 1985) (guards threat to kill warden not probative of truthfulness); United States v. Young, 567 F.2d 799, 803 (8th Cir. 1977) (offer to pay $10,000 to have former husband killed not probative of truthfulness).

Here there is simply no connection between the alleged improper disposal of hazardous waste and Mr. Strogoff's truthfulness on the stand relating to his testimony of payments

7

to John Diamont.  As the proponent of the evidence, it is the defendant's burden to demonstrate that the alleged improper disposal of hazardous waste is "probative of truthfulness or untruthfulness."  Fed. R. Evid. 608(b).  If the defendant believes the evidence is admissible on some other ground, it is the defendant's burden to articulate that ground.  In considering the admissibility of such evidence on a ground other than Rule 608(b), the court will be required to balance the probative value of the evidence against the danger of unfair prejudice and waste of time.  Fed. R. Evid. 403; <u>United States v. Simonelli</u>, 237 F.3d at 23 (trial court is required ... to balance the probative value of specific instance evidence against the potential dangers and costs of evidence recognized in Rules 403 and 611.")

II.   The Court should prohibit the defendant from inquiring on cross-examination of Yale Strogoff about the purchase of scrap metal from General Electric in Lynn, MA and the resale of such material.

The defendant's allegations regarding S. Strogoff & Co.'s purchase of scrap metal from the GE plant in Lynn, MA are vague and ambiguous in the extreme.  The defendant alleges that the purchases were made "[t]hrough some improper arrangement with a General Electric employee."  Dkt. No. 46, p.6.  There is no indication that this relationship, if any, is probative of Mr. Strogoff's truthfulness or untruthfulness.  Fed. R. Evid. 608(b).  In <u>United States v. Simonelli</u>, 237 F.3d at 24, the First Circuit said it was error to permit the cross-examination of a

defendant in a tax case, regarding violation of a customer's anti-gratuity policy, because "there were too many factual variations possible to say ... [the conduct] qualifies as an instance of untruthfulness under Rule 608." So likewise here the ambiguity of the defendant's allegations make it impossible to find that this alleged conduct goes to truthfulness.

The defendant also seeks to establish with regard to this alleged General Electric evidence that "[t]here may have been contractual or other legal restrictions regulating the disposal of the alloy scrap, tools and rejected parts to protect military or trade secrets and for safety reasons." (Dkt. No. 46, p.6.) These allegations are even more vague and ambiguous than the allegations regarding the purchase of the material. Again there is absolutely no showing that these allegations are probative of "truthfulness or untruthfulness." There is also a substantial danger of unfair prejudice. The defendant, by his questions, even if firmly denied by Mr. Strogoff, may be seeking to plant the seeds in the minds of the jury that somehow Mr. Strogoff was compromising United States military secrets by the purchase of rejected military aircraft engine parts or that he was endangering passenger safety by knowing reselling defective airplane parts for use in foreign airplanes. None of this is proper cross-examination under Rule 608(b) and it has a high danger of unfair prejudice. If the defendant believes this evidence is relevant on some basis other than Rule 608(b), he

defendant in a tax case, regarding violation of a customer's anti-gratuity policy, because "there were too many factual variations possible to say ... [the conduct] qualifies as an instance of untruthfulness under Rule 608." So likewise here the ambiguity of the defendant's allegations make it impossible to find that this alleged conduct goes to truthfulness.

The defendant also seeks to establish with regard to this alleged General Electric evidence that "[t]here may have been contractual or other legal restrictions regulating the disposal of the alloy scrap, tools and rejected parts to protect military or trade secrets and for safety reasons." (Dkt. No. 46, p.6.) These allegations are even more vague and ambiguous than the allegations regarding the purchase of the material. Again there is absolutely no showing that these allegations are probative of "truthfulness or untruthfulness." There is also a substantial danger of unfair prejudice. The defendant, by his questions, even if firmly denied by Mr. Strogoff, may be seeking to plant the seeds in the minds of the jury that somehow Mr. Strogoff was compromising United States military secrets by the purchase of rejected military aircraft engine parts or that he was endangering passenger safety by knowing reselling defective airplane parts for use in foreign airplanes. None of this is proper cross-examination under Rule 608(b) and it has a high danger of unfair prejudice. If the defendant believes this evidence is relevant on some basis other than Rule 608(b), he

should state the basis so that its relevancy and admissibility can be reviewed under Rules 401 and 403.

## Conclusion

For the foregoing reasons the Court should order, in limine, that the defendant may not inquire, during the cross-examination of Yale Strogoff, regarding the disposal of hazardous waste at his Chelsea, MA scrap metal yard, nor the purchase and resale of scrap metal, tools and rejected airplane parts from the GE plant in Lynn, MA. The court should also exclude extrinsic evidence on these topics.

```
                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney
                              By:
                                    /s/ Peter A. Mullin
                                    PETER A. MULLIN
                                    Assistant U.S. Attorney
```

Dated: April 21, 2006


## CERTIFICATE OF SERVICE

I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that a true copy of this document was served on counsel of record for the defendant by electronic filing this 21st day of April, 2006.

```
                                    /s/ Peter A. Mullin
                                    PETER A. MULLIN
                                    Assistant U.S. Attorney
```