UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 05-10154-MLW |
| v. ) | |
| ) | |
| JOHN J. DIAMONT, JR., ) | |
| Defendant ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION
TO INSPECT AND COPY DOCUMENTS OBTAINED
<u>PURSUANT TO SUBPOENAS RETURNABLE PRIOR TO TRIAL</u>

<u>Introduction</u>

The United States has moved this Court for an Order directing the defendant to make available to the United States, for inspection and copying, the documents which the defendant obtained pursuant to certain subpoenas which were returnable prior to trial.  Magistrate Judge Dein granted the defendant permission to issue these subpoenas on the basis of "impounded" memoranda which were not made available to the United States. The defendant argued he needed to proceed in this manner because the memoranda would disclose "his theory of the case."  (Dkt. No. 12, p.1.)  The Magistrate Judge declined to order the defendant to make the documents obtained pursuant to these subpoenas available to the United States, but invited the United States to submit the issue to the District Judge.  (Dkt. No. 33, pp. 7-8 and n.3.)

The chief innovation of Rule 17(c), Fed. R. Crim. P., which authorizes subpoenas returnable prior to trial, is to expedite

the trial by allowing for the inspection of documents by the parties before trial.  This benefit will be lost in this case if the documents are not made available to the United States in advance of trial.  While the defendant may have an interest in not disclosing his defense in advance of trial, this interest is not absolute and it is not clear that making these documents available for inspection will disclose any theory of the defense which is not already known to the Government.

## Procedural Background

On August 22, 2005 the defendant moved for "a pre-trial return date for certain third party subpoenas duces tecum." (Dkt. No. 13, p.1.)  He also moved to impound portions of his memorandum in support of his motion, arguing that the memorandum contained "information relating to his theory of the case." (Dkt. No. 12, p.1.)  The United States opposed both the motion to impound and the motion for pretrial subpoenas, arguing that "the requested subpoenas appeared to be nothing more than a fishing expedition for impeachment evidence" and that the defendant had provided "no justification as to why any documents obtained by subpoena returnable prior to trial should not be equally available to both sides."  (Dkt. No. 19, p.2.)

Magistrate Judge Dein allowed the motion to impound, finding it appropriate to impound those portions of the memorandum "which describe the defense strategy."  (Electronic Orders dated 8/24/05

2

and 10/7/05.)  On October 19, 2005 Judge Dein held a hearing on the Motion for Pretrial Subpoenas.  In the defendant's initial motion he had failed to "identify[] in detail the information being sought."  (Dkt. No. 33, p.3.)  As suggested in the Government's opposition (Dkt. No. 19, p.10), Judge Dein directed the defendant to file "drafts of the subpoenas he propose[d] to issue."  (Dkt. No. 33, p.3.)  The defendant did so on October 28, 2005, in a sealed supplemental memorandum.  (Dkt. No. 22.)  On November 22, 2005 the Court entered a Memorandum of Decision and Order, allowing the defendant's motion in part, and denying it in part, having found that "some of the subpoenas ... go beyond that authorized by law."  (Dkt. No. 33, pp. 1-2.)  The Court declined the Government's request that the documents obtained pursuant to subpoenas returnable prior to trial be available to both sides, but indicated "the Government may seek a different pretrial production schedule from the District Judge."  (Dkt. No. 33, p.8, n.3.)

On December 13, 2005 the defendant filed a motion to impound a Motion for Reconsideration of Memorandum of Decision and Order on Motion for Pre-Trial Subpoenas.  (Dkt. No. 37.)  The Court granted the motion to impound (Electronic Order dated 12/14/05) but the United States cannot find any entry on the docket that the Magistrate Judge ever acted on the Motion for Reconsideration.

<u>Applicable Legal Principles</u>

Fed. R. Crim. P. 17(c) provides, in pertinent part:

(c) **Producing Documents and Objects**.

> (1) **In General**. A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The Supreme Court has said that Rule 17(c)'s "chief innovation was to expedite trial by providing a time and place <u>before</u> trial for the inspection of the subpoenaed materials." <u>Bowman Dairy Co. v. United States</u>, 341 U.S. 214, 220 (1951) (emphasis added). The Supreme Court has also said a "fundamental characteristic" of Rule 17(c) subpoenas <u>duces</u> <u>tecum</u> returnable prior to trial is that they are "not intended to provide a means for discovery for criminal cases." <u>United States v. Nixon</u>, 418 U.S. 683, 698 (1974) citing <u>Bowman Dairy Co.</u>, 341 U.S. at 220. The Supreme Court noted in <u>Nixon</u> that "generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." <u>Id</u>. at 701.

Rule 17(c) entrusts the court with discretion to decide whether the documents produced pursuant to pretrial subpoenas shall be made available to both sides. Fed. R. Crim. P. 17(c)(1) ("When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.") In <u>United</u>

4

States v. Daniels, 95 F. Supp. 2d 1160, 1164 (D. Kan. 2000), the court allowed an ex parte application for subpoenas returnable prior to trial, in order to protect the defendant's trial strategy, but ordered the defendant to present "all documents produced by [the subpoena recipient] in response to the subpoenas for inspection by the government." Similarly in United States v. Tomison, 969 F. Supp. 587, 597 (E.D. Cal. 1997), the court balanced the defendant's desire for confidentiality and the need to insure an efficient trial, and ordered:

> defendants may inspect the documents within (30) days of their delivery to the court. Defendants shall determine which documents they actually intend to introduce and shall supply copies to the government at the same time they make their Rule 16 discovery available to the government.

The Tomison court in no way limited the required disclosure to documents the defendant sought to offer in evidence in his case-in-chief. Such an order would have been superfluous, since Fed. R. Crim. P. 16(b)(1)(A) already requires the disclosure of the defendant's trial exhibits for his case-in-chief.

## Argument

I.  Allowing the United States to inspect and copy documents obtained by subpoenas returnable prior to trial will not improperly invade the defense camp.

The defendant was permitted to submit "impounded" memoranda to the court in order to persuade the court to exercise its discretion to permit the issuance of subpoenas with a return date prior to trial. It is, presumably, these memoranda which spell

5

out the defense strategy, in attempting to establish the relevancy of the documents the defendant sought to obtain.  The United States is not now requesting that these memoranda be disclosed to it.  It is only requesting that the documents obtained by subpoena be made available for inspection and copying.  The defendant need not explain why he believes any of these documents are relevant or how he would seek to use them.  The defendant need not even designate which documents he seeks to use at trial in the cross-examination of Yale Strogoff.

   The defendant's only purported justification for not making these documents available for inspection is to protect his trial strategy.  The defendant does not have an absolute right to conceal his defense.  As the Supreme Court said in <u>Williams v. Florida</u>, 399 U.S. 78 (1970), in upholding Florida's requirement that a defendant give pretrial notice of his intent to offer an alibi defense:

> The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played.  We find ample room in that system, at least as far as 'due process' is concerned, for the instant Florida rule, which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilty or innocence.

399 U.S. at 82 (footnote omitted).  This Court's standard Pretrial Order requires the defendant to disclose to the Government, prior to trial, statements of witnesses he intends to

6

call in his case-in-chief (¶4), the name and address of witnesses he intends to call in his case-in-chief (¶7(a)), and copies of exhibits he intends to offer in his case-in-chief (¶7(b)). The Massachusetts Supreme Judicial Court has recently upheld, on federal constitutional grounds, among others, the authority of a trial court to order the defendant to disclose to the Commonwealth, prior to trial, any statements in the possession of the defense of witnesses the Commonwealth plans to call, which the defendant plans to use at trial. Commonwealth v. Durham, 446 Mass. 212, 224-29,(2006).

In United States v. Daniels, 95 F. Supp. 2d, at 1164, the court denied the Government's request for access to the ex parte materials which had been submitted in support of a Rule 17(c) subpoena, but ordered the defendant to make "all documents" produced in response to the subpoena available to the government for inspection. Judge Dein tried to distinguish Daniels from the case at bar, by pointing out that in Daniels the government already had copies of the subpoena, "so there was no longer any need for secrecy as to the information being sought." (Dkt. No. 33, p.7, n.3.) So likewise here, the United States has been provided with copies of the subpoenas served on (1) O'Brien Grant Associates ("O'Brien Grant"); and (2) Abrams, Little-Gill, Loberfeld, Tishman and Witty, P.C. ("Abrams").[1] There is no

---

[1] The United States received the O'Brien Grant subpoena from the defense counsel, who indicated she was doing so at the

reason not to allow inspection of the documents produced by those entities to the defendant in response to the Rule 17(c) subpoenas.

II.  If Rule 17(c) is to achieve its purpose, the Court should allow the United States to inspect and copy the documents in advance of trial.

As the Supreme Court has repeatedly said, Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and place <u>before</u> trial for the inspection of subpoenaed materials." <u>United States v. Nixon</u>, 418 U.S. at 698-99 (emphasis in original); <u>Bowman Dairy Co. v. United States</u>, 341 U.S. at 679. If Rule 17(c) is to achieve its purpose the United States needs to inspect the subpoenaed materials in advance of trial. The defendant hopes to use these documents during the cross-examination of Yale Strogoff. All of the documents will have been produced to the defendant by third parties. If the defendant seeks to offer any of these documents in evidence, or display them to the jury, during the testimony of Yale Strogoff,

---

direction of Judge Dein. The United States obtained the Abrams subpoena from Abrams counsel. The Magistrate Judge's Memorandum of Decision and Order states that the court finds the Government's argument, that it is entitled to review the documents produced by Rule 17(c) subpoena, unpersuasive, "[w]ith the exception of certain specific subpoenas identified below ...." (Dkt. No. 33, p.6.) The United States received only a redacted version of this Memorandum of Decision and Order and was not advised of the subpoenas for which the court did not find our argument unpersuasive. We note that we received only one subpoena from defense counsel, yet the Judge's order talks in terms of "subpoenas" (plural) and we ask the Court to check to make sure we were given notice of all of the subpoenas which the Magistrate Judge ordered.

8

he will need to authenticate the document. Fed. R. Evid. 901(a). It is unlikely that Yale Strogoff will be in a position to authenticate these documents from third parties. Absent an opportunity to inspect the documents in advance of trial, the United States may have no choice but to object on authentication grounds to the admission of these documents at trial, and their display to the jury.

Absent an opportunity to inspect the documents in advance of trial, the only way the United States will have to determine whether the defense has selectively chosen documents so as to present a biased or misleading picture, is to require the defense to call an authenticating witness. If the United States cannot determine through an authenticating witness whether documents were used selectively, the Government may need to issue its own subpoena <u>duces</u> <u>tecum</u> to the entity which produced the documents. In either event needless Court and juror time may be spent on matters which could be resolved by stipulation if the United States is permitted to inspect the documents in advance of trial.

<u>Conclusion</u>

For the foregoing reasons the United States urges the Court to order the defendant to permit the United States to inspect and copy all of the documents the defense has gathered by Rule 17(c) subpoenas. If the Court is not persuaded that such an order is appropriate, the United States requests the Court to review the Memorandum of Decision and Order of the Magistrate Judge to see

if the United States should be permitted to inspect and copy at least some of the documents gathered by Rule 17(c) subpoena, either because the subpoenas have already been disclosed to us or the disclosure of the document will not unduly disclose defense strategy.  The United States also asks the Court to make sure that the United States was given notice of all of the subpoenas which the Magistrate Judge directed.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney
By:
                                /s/ Peter A. Mullin
                                PETER A. MULLIN
                                Assistant U.S. Attorney

Dated: April 21, 2006

### CERTIFICATE OF SERVICE

    I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that a true copy of this document was served on counsel of record for the defendant by electronic filing this 21st day of April, 2006.

                                /s/ Peter A. Mullin
                                PETER A. MULLIN
                                Assistant U.S. Attorney