UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | ) |
| JOHN J. DIAMONT, JR. | )   CRIMINAL NO. 05-10154-MLW |
|  | ) |
| Defendant. | ) |
|  | ) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO INSPECT AND COPY DOCUMENTS OBTAINED PURSUANT
TO SUBPOENAS RETURNABLE PRIOR TO TRIAL**

**I.   INTRODUCTION**

Defendant John Diamont opposes the Government's Motion to Inspect and Copy Documents, filed on April 21, 2006. This Motion is a thinly disguised attempt to belatedly appeal Magistrate Judge Judith Dein's prior ruling denying the government access to the defendant's confidential attorney word product and cross-examination materials. Thus, there are two reasons to deny this Motion.

First, the government seeks far more than the "different pretrial production schedule" that Magistrate Judge Dein left open to the government. Instead, it seeks to overturn Magistrate Judge Dein's careful and thorough ruling on whether it was entitled to inspect the documents that the defense received in response to its pretrial subpoenas. Because the government has not filed this appeal within ten days of Magistrate Judge Dein's Order, it has waived all right to object to that ruling. Fed. R. Crim. P. 59(a).

Second, the government has presented no justification—either now or when the matter was before Magistrate Judge Dein—for treating documents that the defendant obtained via pre-trial subpoenas any differently than documents that the defendant obtained by any other means.

This Court has adopted very specific rules regarding pretrial disclosure of evidence. The government has not provided any reason for disregarding those rules when either party obtained the evidence at issue via pretrial subpoena rather than via some other available avenue.

## II. THE GOVERNMENT HAS WAIVED ITS RIGHT TO SEEK THE REQUESTED RULING.

Magistrate Judge Dein has already ruled on the precise issue that the government asks this Court to address now: whether the government should be permitted to inspect and copy the documents the defendant received in response to the pretrial subpoenas issued in accordance with Federal Rule of Criminal Procedure 17(c). Magistrate Judge Dein carefully considered the defendant's proposed subpoenas, the defendant's arguments for why the subpoenas—and the documents obtained in response thereto—should be withheld from the government in order to protect defense work product and cross-examination materials, and the parties' legal arguments regarding secrecy of documents obtained in response to Rule 17(c) subpoenas. Armed with all of this information, Magistrate Judge Dein squarely decided the same issue the government presently seeks to bring before the Court.

The Magistrate Judge held that, contrary to the arguments and some of the case law that the government had presented, the better line of cases held that the defendant would be required to disclose to the government only those documents that he ordinarily would be required to disclose under local procedures:

> Our Local Rules provide for the orderly production of information before trial. Once the documents are in the Defendant's possession, he shall produce them in accordance with the timing requirements of the Local Rules. This court sees no reason why the Government should be provided with information that would otherwise not be discoverable by the Government simply because the material was obtained by way of a subpoena.

Mem. Decision Order Def.'s Mot. Pre-Trial Subpoenas, p. 7 (Nov. 22, 2005) (relying on *United States v. Tomison*, 969 F. Supp. 587, 597 (E.D. Cal. 1997)).

Though her holding with regard to the government's lack of entitlement to inspect all documents obtained from the defendant's pretrial subpoenas was clear, the Magistrate Judge acknowledged that the government could petition the District Judge to adjust the standard pretrial production schedule:

> In the instant case, the Defendant shall produce the documents he intends to use at trial in accordance with the applicable Local Rules. If this production is insufficient in the instant case, the Government may seek a different pretrial production schedule from the District Judge.

*Id.*, p. 8 n.3.

The Magistrate Judge thus did not foreclose the government from seeking to adjust the pretrial production schedule if the circumstances in this case warranted such a change. For example, if the government believes that it needs disclosure of a witness or exhibit list prior to when the Local Rules or standard Court procedures provide, it is, as always, free to ask for such a change in the pretrial production schedule. What the Magistrate Judge did foreclose the government from doing, however, is revisiting the issue of whether evidence that the defendant obtained by pretrial subpoena should be treated any differently than evidence that the defendant obtained by all other means.

Federal Rule of Criminal Procedure 59(a) provides that a nondispositive order by a magistrate judge is appealable by filing objections to that order within ten days after service of the order. Importantly, the Rule also states, "Failure to object in accordance with this rule *waives a party's right to review*." Fed. R. Crim. P. 59(a). Here, the government does not merely seek to change the standard pretrial production schedule. Rather, the government asks the Court to overrule the Magistrate Judge's explicit holding that the government is not entitled to inspect all documents the defendant obtained in response to his pretrial subpoenas. Because the

government did not object to the Order of which it complains pursuant to Rule 59(a)'s procedures, the government has waived all right to change that ruling now.

### III. THE GOVERNMENT HAS PRESENTED NO JUSTIFICATION FOR GREATER ACCESS TO THE SUBPOENAED DOCUMENTS THAN TO THE DEFENDANT'S OTHER EVIDENCE.

There is no reason for the Court to reconsider all of the subpoenas, the factual arguments, and the legal arguments that Magistrate Judge Dein painstakingly considered by examining the parties' multiple briefs, conducting two hearings on this topic, and inspecting both the defendant's draft and final subpoenas. Should the Court decide to undertake this exercise—despite the government's prior waiver of the arguments it makes here—then the government still should not prevail on its Motion because it has not established why it is entitled to greater disclosure of evidence that the defendant has obtained via pretrial subpoenas than to evidence that the defendant has obtained via any other means.[1]

If the defendant had obtained the evidence in question via independent investigation or via subpoenas returnable on the date of trial (even if the defendant had obtained documents in response to his trial subpoenas prior to the actual date of trial), then there would be no question that the government would not be entitled to inspect any such documents that the defendant intended to use only on cross-examination or intended not to use at trial at all. Indeed, the government routinely uses Rule 17(c) pretrial subpoenas without any expectation that it will be

---

[1] Should the Court decide to reconsider Magistrate Judge Dein's ruling, the defendant incorporates herein by reference his August 22, 2005, Memorandum in Support of His Motion for Pre-Trial Subpoenas, a redacted version of which was filed electronically and an unredacted version of which was filed with the Magistrate Judge.

required to disclose more of that evidence than would be necessary had it obtained the information via grand jury subpoena or some other means.[2]

It makes sense then, as this Court and the court in *United States v. Tomison*, 969 F. Supp. 587, 597 (E.D. Cal. 1997), have already ruled, that a defendant would be required to disclose documents obtained in response to a Rule 17(c) subpoena only in accordance with the normal procedures for disclosing documents that he intends to use at trial. A defendant should not be penalized merely because he needs the assistance of a subpoena to obtain vital information or because the efficient administration of a trial would be aided by the court allowing such documents to be produced and inspected prior to trial. The government has provided no legal support for the argument that, in order for Rule 17(c) to achieve its purpose, *the government* must be permitted to inspect the subpoenaed materials. The purpose of Rule 17(c) is to provide a mechanism whereby the requesting party can receive the requested materials prior to trial. It was designed to substitute for ordinary trial subpoenas in certain situations—not to provide extra disclosure opportunities for opposing counsel.

The government's purported concerns about authentication of the evidence obtained via pretrial subpoenas should, again, not serve as a basis for treating this evidence any differently from any other evidence that the defendant intends to use—or not use—at trial. The government has identified no reason why authentication is a greater concern for documents received pursuant to pretrial subpoenas than for third-party documents that the defendant obtained pursuant to trial subpoenas or based on his own investigation. In sum, the government has not justified its request that it be permitted to inspect defense attorney work product far beyond what it would be permitted to inspect under the Local Rules.

---

[2] *See, e.g., United States v. Noriega*, 764 F. Supp. 1480 (S.D. Fla. 1991).

## IV. CONCLUSION

For the foregoing reasons, defendant John Diamont opposes the Government's Motion to Inspect and Copy Documents and requests that the Court uphold the Magistrate Judge's Opinion as written.

Respectfully submitted,

JOHN DIAMONT

By his attorneys,

  /s/ Lauren M. Papenhausen
Michael Kendall (BBO #544866)
Lauren M. Papenhausen (BBO #655527)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
617-535-4000
Fax: 617-535-3800
mkendall@mwe.com
lpapenhausen@mwe.com

Dated: May 5, 2006

## CERTIFICATE OF SERVICE

I, Lauren M. Papenhausen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 5, 2006.

  /s/ Lauren M. Papenhausen

BST99 1501470-1.073607.0010