UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.          )<br>)<br>JOHN J. DIAMONT, JR.,     )<br>)<br>Defendant    ) | CRIMINAL NO. 05-10154-MLW |

Government's Opposition to Defendant's Motion To File
Under Seal Defendant's Opposition to Government's Motion
In Limine to Exclude Evidence of Alleged Criminal Conduct
of Yale Strogoff Not Resulting In Conviction

The Defendant has moved, pursuant to Local Rule 7.2, to file under seal his Opposition to Government's Motion In Limine to Exclude Evidence of Alleged Criminal Conduct of Yale Strogoff Not Resulting In Conviction.  In support of this request, the defendant relies on Magistrate Judge Dein's grant of an assented to motion from him, to file under seal his Supplemental Memorandum in Support of his Motion for Discovery.  Docket No. 45 and Electronic Order dated January 6, 2006.  In this Supplemental Memorandum, the defendant first made his allegations of criminal conduct relating to Yale Strogoff and the disposal of hazardous waste and the purchase of scrap metal from the General Electric plant in Lynn, Massachusetts.  In his assented to motion, the defendant cited only the fact that his Supplemental

1

Memorandum contained allegations relating to "uncharged criminal conduct," as a reason for the sealing.[1]  Docket No. 45, p.1.

The United States opposes defendant's motion to seal his Opposition to our Motion to Exclude Evidence of Alleged Criminal Conduct of Yale Strogoff Not Resulting In Conviction.  There is simply no reason to seal this Opposition.  The defendant's claims regarding alleged criminal conduct in connection with S. Strogoff and Co.'s disposal of hazardous waste and the purchase of scrap metal from the General Electric plant in Lynn, Massachusetts, are matters of public record in this case.  The Government's Response to Defendant's Supplemental Memorandum in Support of his Motion for Discovery was filed on the record [Docket No. 47], as was the Government's Motion <u>In</u> <u>Limine</u> to Exclude Evidence of Alleged Criminal Conduct of Yale Strogoff Not Resulting In Conviction and the Memorandum in Support of that motion.  Docket Nos. 71 and 72.  The defendant has not objected to these documents being on the public record nor moved to seal them.

---

[1]      In addition to the "uncharged criminal conduct," the Supplemental Memorandum, which the Government agreed could be filed under seal, included an allegation that the government had engaged in "illegal" conduct in connection with the sentencing of Yale Strogoff, Defendant's Supplemental Memo, p.3, as well as other reckless and misleading allegations.  <u>See</u> Docket No. 47, pp. 3-4.  Our assent to sealing the Supplemental Memorandum is not inconsistent with our opposition to the defendant's current request to seal.

The Opposition which the defendant seeks to seal refers to the alleged criminal conduct only in a single paragraph and in a relatively summary fashion. Opposition, p.3. Having this opposition on the public record will not infringe any right of the defendant. The defendant has failed to justify sealing this document and his motion should be denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By: /s/ Peter A. Mullin
    PETER A. MULLIN
    Assistant U.S. Attorney

Dated: May 19, 2006

### Request for Oral Argument

Pursuant to L.R. 7.1(D), the United States requests oral argument on this motion.

### Certificate of Service

I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that a true copy of this document was served on counsel of record for the defendant by electronic filing this 19th day of May, 2006.

    /s/ Peter A. Mullin
    PETER A. MULLIN
    Assistant U.S. Attorney