```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA       )
                               )    CRIMINAL NO. 05-10154-MLW
          v.                   )
                               )
JOHN J. DIAMONT, JR.,          )
          Defendant            )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S "RENEWED" MOTION FOR EXCULPATORY EVIDENCE

The defendant has filed what he calls a "Renewed Motion for Exculpatory Evidence."[1]  The motion seeks information from the Government on six topics: (1) the alleged theft of titanium by Yale and Steven Strogoff; (2) the alleged theft of material from the General Electric plant in Lynn, MA by Yale and Steven Strogoff; (3) the alleged dumping of hazardous waste at S. Strogoff & Co.; (4) other alleged criminal activity by Yale or Steven Strogoff; (5) the results of a civil tax settlement by the Kradin's with the IRS; and (6) the original notes of the IRS agents of an interview with the defendant on November 19, 2001.  The defendant cites no legal authority in support of these requests.  For the reasons set forth below, the United States opposes each of these requests:

1. <u>Titanium</u>

The defendant is now, apparently, alleging that Yale and Steven Strogoff stole titanium.  Deft's Motion, p.1.  Previously,

---

[1] It is unclear how this motion can be a "renewed" motion since no prior motion has ever been filed.

defense counsel had only alleged that Yale Strogoff's business had purchased stolen titanium. Defense counsel first raised the titanium issue with the Court at the December 13, 2006 hearing in this case. Pursuant to the Court's December 14, 2006 order, the United States has made an <u>ex</u> <u>parte</u>, <u>in</u> <u>camera</u> submission to the Court relating to this matter. For the reasons set forth in that submission the United States believes there is no basis to conclude that any information in the possession of the United States is a reward within the meaning of Local Rule 116.2.

    2.   <u>General Electric Plant, Lynn, MA</u>

The defendant now, apparently, alleges that Yale and Steven Strogoff were involved in the theft of material from the General Electric plant in Lynn, MA. Deft's Motion, p.1. Previously, the defense alleged that Yale Strogoff had been bribing a GE employee to obtain scrap metal from the GE plant. The defendant asserts in his motion that the government's actions or inaction relating to this allegation "could amount to a reward provided to Yale Strogoff in exchange for his testimony in this case." <u>Id</u>. at pp. 1-2. Local Rule 116.2 does not require the disclosure of things which "could amount to a reward." It requires disclosure of things which are, in fact, rewards. Yale Strogoff agreed to testify in this case long before the defendant ever made his allegations relating to the GE plant in Lynn, MA. In fact, Yale Strogoff has testified, under oath, relating to these matters,

prior to the defendant making these allegations.  The defendant has been unwilling to provide the United States with any information about the basis for these allegations, so that it can decide whether they are worthy of investigation.  The defendant is, apparently, trying to force the United States to raise this issue with Yale Strogoff, so as to make him aware of the issue, and, thereby, strengthen the defendant's argument that information relating to this issue is probative on the issue of bias in favor of the United States.  What the United States has done or not done with regard to this issue is not the relevant question.  On the contrary, what is relevant, if anything, is Yale Strogoff's state of mind and whether he believes the United States has done something for him relating to this issue, in exchange for his testimony.  In any event, the United States believes it does not have any discloseable information on this topic.

    3.   <u>Hazardous Waste</u>

The defendant apparently believes that the failure of the United States to prosecute Yale Strogoff relating to discharge of hazardous waste at his Chelsea, MA scrap metal yard "could amount to a reward to Yale Strogoff in exchange for his testimony in this case."  Deft's Motion, pp. 1-2.  Again the defendant has refused to provide us with any information relating to the basis for this allegation, so that we can decide whether it is worthy

of investigation. Defense counsel will not even advise us as to what statute he believes was violated. He also has not advised us as to when this conduct allegedly occurred, so that we can determine whether such conduct, if it did occur, is still within the statute of limitations. For the reasons set forth above relating to the GE plant, the fact that something "could" be a reward does not make it discloseable. The United States believes it does not have any discloseable information relating to this topic.

   4. <u>Other Criminal Activities</u>

The defendant does not identify any specific information he is requesting under this heading or the basis on which he believes he is entitled to such information. For the reasons set forth above the United States believes that any such information is not a "reward." Local Rule 116.2(B)(2)(e) provides that 21 days prior to trial the United States shall provide the defense a written description of any prosecutable federal offense known to the government to have been committed by a witness whom the government anticipates calling in its case-in-chief. If the United States has any information covered by this request, it is not producible until 21 days prior to trial.

   5. <u>Kradin's Tax Settlement</u>

The defendant seeks disclosure of the Kradin's civil tax settlement with the IRS. He asserts, on information and belief,

that the "civil tax audit was settled for an amount less than the tax liability that the Kradin's would have owed had they in fact received all of the cash from the "BK" checks that the government alleged." Deft's Motion, p.2. The defendant does not state the basis for this belief or how such information, even if true, would be exculpatory as to him.

The prosecution team handling this case does not know the basis on which the IRS settled the Kradin's civil tax liability, if it did. Such information is confidential tax information which the IRS is not free to disclose. 26 U.S.C. 6103. Even if the IRS did settle with the Kradin's for something less than the maximum tax liability based on their unreported income, it would not be an admission by the United States as to how much unreported income the Kradin's had or the reliability of S. Strogoff & Co.'s records. Fed. R. Evid. 801(d)(2)(D). The settlement of civil tax liability includes consideration of the taxpayer's ability to pay, other deductions and credits which may be applicable and the expenses and risks of litigation. 26 U.S.C. §7122 and 26 C.F.R. §301.7122-1. In <u>United States v. Kattar</u>, 840 F.2d 118, 130 (1st Cir. 1988), the First Circuit questioned whether "the entire federal government should be deemed a party-opponent in criminal cases." Here the alleged settlement, if it was made, was made by IRS civil personnel in connection with collecting taxes. Even where a prior statement

5

has been made by a Justice Department lawyer in connection with the same case, it is admissible against the United States as an admission only if the district court is satisfied (1) the prior statement involves an assertion of fact inconsistent with assertions in the current case; (2) the assertion is the equivalent of testimonial statements made by a client; and (3) the inference the proponent of the statement wishes to draw is a fair one and an innocent explanation for the inconsistency does not exist.  United States v. Ford, 435 F.3d 204, 215 (2d Cir. 2006).  Here the defendant would not be able to meet any of the Ford criteria.  The basis on which the IRS settled the Kradin's civil tax liability simply is not relevant to the reliability of S. Strogoff & Co.'s records.  In any event, the United States does not have the information and thus cannot produce it to the defendant.

    6.  Notes of the November 19, 2001 Interview

The defendant seeks the original notes of the IRS agents who interviewed him on November 19, 2001.  He says that he questions the accuracy of some of the statements in the Government's Proffer of Evidence in Anticipation of "Petrozziello" Ruling.  He does not state, however, what statements he questions, nor does he state the basis on which he believes he is entitled to these notes at this time.

The IRS prepared a written report of this interview which has been produced to the defendant.  It is possible that the

rough notes of this interview may be a Jencks Act statement of the witness who testifies and may be producible when Jencks Act materials are produced. The United States knows of no basis to order their production now and the defendant has cited no authority warranting such production.

## Conclusion

For the foregoing reasons, the Defendant's "Renewed" Motion For Exculpatory Evidence should be denied.

>	Respectfully submitted,
>
>	MICHAEL J. SULLIVAN
>	United States Attorney
> By:
>	/s/ Jonathan Mitchell
>	JONATHAN MITCHELL
>	Assistant U.S. Attorney

Dated: February 2, 2007


## CERTIFICATE OF SERVICE

I, Jonathan Mitchell, Assistant U.S. Attorney, hereby certify that a true copy of this document was served on counsel of record for the defendant by electronic filing this 2nd day of February, 2007.

>	/s/ Jonathan Mitchell
>	JONATHAN MITCHELL
>	Assistant U.S. Attorney