UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | CRIMINAL NO. 05-10154-MLW |
| v. | ) ) |  |
| JOHN J. DIAMONT, JR., | ) ) |  |
| Defendant. | ) ) |  |

**DEFENDANT JOHN DIAMONT'S OPPOSITION TO GOVERNMENT'S
MOTION TO BIFURCATE THE MARCH 8 EVIDENTIARY HEARING AND
REQUEST FOR EXCULPATORY MATERIALS**

Defendant John Diamont opposes the Government's Motion to Bifurcate the March 8 Evidentiary Hearing. Diamont asks that the Court hold the entire hearing on one or two continuous days, as the Court had previously planned. Diamont does not oppose moving the hearing to a mutually convenient date.[1] The proposed bifurcation is merely an attempt by the government to shield its star but soiled witness, Yale Strogoff, from effective cross-examination.

The government's Motion to Bifurcate is a reversal of its original position, upon which the parties and the Court have relied for the past several months. Originally, the government represented that it needed to present the testimony of both Jane Lemelin and Yale Strogoff. This representation made sense: Lemelin does not have any personal knowledge about the key data in the disputed documents, such as the price per ton or the total payments made. The government claims that Strogoff is the person who knows this information. Thus, Strogoff is a necessary witness to the government's attempt to establish the admissibility of the documents as business records, as he is the only one with personal knowledge of the disputed information.

---

[1] Because of defense counsel's other commitments, Diamont suggests a date on or after April 2, 2007.

Now, with its Motion to Bifurcate, the government states it is not sure if it will call Strogoff at all to testify in the hearing. Because the government is ostensibly unsure whether it will call Strogoff, it has informed Diamont that it will not produce Jencks Act and *Giglio* materials for Strogoff prior to Lemelin's testimony. Therefore, Diamont would not be able to approach the hearing as one integrated proceeding, and the government can undercut the effectiveness of Diamont's cross-examination of Lemelin and Strogoff by separating them. Obviously, after Lemelin testifies, both Strogoff's lawyer and the government will have weeks to prepare Strogoff to coordinate his testimony with Lemelin's. Though this preparation may not necessarily be a literal undermining of the Court's sequestration order, it certainly defeats the spirit of that order. Considering Strogoff's repeated false statements under oath and to investigators, the Court should be particularly concerned about giving him opportunities to coordinate his testimony with Lemelin's.

Further, the government has informed Diamont that, with respect to the production of Jencks material, it will make such material available seven days or less prior to the scheduled hearing in which the witness will testify. The government apparently is disregarding its obligation to produce all "21 day" material (Local Rule 116.2(B)(2)) within the appropriate time period, 21 days prior to the hearing. Such material should have been produced on February 15, 2007, for the March 8 hearing. The government produced nothing and did not ask for an extension. The government has informed Diamont that it has no idea what materials would fall into Jencks or other exculpatory categories, and it will not commit to any dates for production. The Court is aware that the government withheld exculpatory statements from eleven witnesses for over a year, when those statements directly undermined the admissibility of the Disputed

Evidence. The Court should not tolerate the government's further flouting of its discovery obligations.

Therefore, Diamont asks that the Court schedule all of the government's witnesses to testify on the same date, order the government to produce all Rule 116.2(B)(2) materials forthwith, and recommend that the government produce all Jencks materials at least 21 days prior to a hearing date to promote efficiencies for all.

Respectfully submitted,

JOHN DIAMONT

By his attorneys,

 /s/ Lauren M. Papenhausen
Michael Kendall (BBO #544866)
Lauren M. Papenhausen (BBO #655527)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
617-535-4000
Fax: 617-535-3800
mkendall@mwe.com
lpapenhausen@mwe.com

Dated: February 20, 2007

**CERTIFICATE OF SERVICE**

I, Lauren M. Papenhausen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 20, 2007.

 /s/ Lauren M. Papenhausen

BST99 1532469-1.073607.0010