UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL NO. 05-10154-MLW
         v.                   )
                              )
JOHN J. DIAMONT, JR.,         )
         Defendant            )
```

## GOVERNMENT'S RESPONSE AND OPPOSITION TO DIAMONT'S REQUEST FOR EXCULPATORY MATERIALS

The government hereby responds to Diamont's February 20, 2007 opposition to the government's motion to bifurcate the March 8 evidentiary hearing. The government further opposes Diamont's request for Jencks materials and other early discovery 21 days prior to the evidentiary hearing.

As a preliminary matter, the Court should be advised that the undersigned attorney for the government was assigned to this case only about 10 days ago. As the Court is aware, former AUSA Peter Mullin had been lead counsel since the indictment was returned in 2005, and his involvement in the investigation dates back to at least 2002. As the Court is also aware, AUSA Mullin retired as of January 31. AUSA Jonathan Mitchell entered an appearance in December 2006 to take over the case when it appeared AUSA Mullin might be leaving the government. As the Court was informed, AUSA Mitchell had another trial scheduled to start on April 30 - the same date as the present trial is scheduled to begin - but it appeared until recently that it would be resolved by a plea. Within the past two weeks, that plea deal

fell apart and the case appears headed to trial. Instead of seeking a further continuance of the trial in this case, the government decided to reassign it in order to try to hold to the Court's schedule. Counsel for Diamont has been informed of this predicament and been told that the current attorney for the government is attempting to learn the case as quickly as possible so all outstanding discovery issues can be addressed and the case can be prepared for trial. But given the scope of the underlying investigation, the amount of records amassed, and the complicated nature of the charges, that is going to take some time.

Despite Diamont's allegations, the government is not "disregarding its obligations" to produce all discoverable materials in a timely manner. To the contrary, the government is working hard to fill the void left by AUSA Mullin's departure.

### The March 8 hearing

Shortly after being assigned to this case, the undersigned AUSA learned that witness Yale Strogoff's attorney would not be available on March 8 or 9. The attorney for the government spoke with the Court's clerk and was informed that the Court's schedule was very busy in the weeks after March 8. Thus, for scheduling purposes it appeared most efficient to proceed with Jane Lemelin and, perhaps, IRS Special Agent Saunders on March 8, assess the record at that time, and schedule Strogoff for another date if it

was necessary.[1]

Diamont asserts that Strogoff's testimony is necessary because he "is the only one with personal knowledge of the disputed information." Diamont Opp. at 1. However, FRE 803(6) does not require the testimony of a person with knowledge about the content of business records. To the contrary, it is clear that a custodian need not have such knowledge as long as he can establish the elements of 803(6).

In any event, since the Court's January 22, 2007 Order required the government to cause Strogoff to attend the March 8 hearing, the government needed to inform the Court of the scheduling difficulty, request that it release Strogoff from appearing on that date, and propose some solution. The government discussed the matter with Diamont's counsel and proposed filing a joint motion, leaving it to the Court's

---

[1] The government had previously advised the Court that it expected to call Lemelin to testify concerning the 803(6) elements and further expected "that her testimony will fully establish the elements of Rule 803(6) exception to the hearsay rule." Government's Opposition to Defendant's Motion to Exclude Disputed Invoices and Disputed Checks (Docket #82) at 12-13. The current attorney for the government has not yet spoken to, nor reviewed the various contested records with, Lemelin. Nor has he had an opportunity to discuss these issues with Strogoff. A decision concerning the need for Strogoff's testimony on this issue will not be made until after such interviews. Diamont asserts that separating Lemelin's and Strogoff's testimony in time will give the government the opportunity "to prepare Strogoff to coordinate his testimony with Lemelin's." Diamont Opp. at 2. Inasmuch as pre-hearing preparation of witnesses is the norm in modern courtroom practice, it is unclear precisely what Diamont's concern may be.

discretion whether to bifurcate the hearing or postpone it. Diamont's attorney was unwilling to so agree and advised that he would oppose bifurcation.  Thus, the government filed its motion without Diamont's assent.  The government did so for the reasons stated above.  Diamont contends that the proposed schedule is "merely . . . an attempt . . . to shield . . . Strogoff from effective cross-examination." Diamont Opp. at 1.  There is, however, nothing the present circumstances that would support an insinuation that the government harbors any improper motive.  The government remains of the view that bifurcating is the most efficient means of proceeding under the current circumstances.

Request for exculpatory materials

Undersigned counsel's knowledge of what materials have been provided in discovery is based solely on conversations with former AUSA Mullin.  AUSA Mullin advised that all documents obtained by subpoena during the investigation have been made available to Diamont, but that Jencks materials have not yet been produced.  Undersigned counsel advised Diamont's counsel that he is attempting to determine the scope of available Jencks materials, and will produce them no sooner than 7 days prior to the scheduled hearing date for each witness.

Diamont is seeking a Court Order that Jencks materials be produced 21 days in advance of any hearing, although he cites no

4

statutory or other authority for such request.[2]  The government opposes entry of any such Order.

That being said, the attorney for the government is endeavoring to get up to speed on this case as quickly as possible and to amass all the possible Jencks and "21 day" materials, with the intention of producing them as soon as practicable.

                                       Respectfully submitted,

                                       MICHAEL J. SULLIVAN
                                       United States Attorney

                        By:   /s/ Mark J. Balthazard
                            MARK J. BALTHAZARD
                            Assistant U.S. Attorney

                       Certificate of Service

I hereby certify that on February 21, 2007, this pleading filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                             /s/ Mark J. Balthazard
                             MARK J. BALTHAZARD
                             Assistant U.S. Attorney

---

[2] Diamont also asserts, without authority, that LR 116.2(B)(2) requires production of "21 day" material in advance of an evidentiary hearing, rather than in advance of trial as the rule plainly provides.